# DODGE *v.* BRADY, COLLECTOR OF INTERNAL REVENUE.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

No. 213. Argued October 14, 15, 1915.—Decided February 21, 1916.

Under the exceptional conditions of this case, while there may have been ground for the District Court dismissing it for lack of jurisdiction, as there was a basis for taking jurisdiction and the decision was clearly right on the merits, this court does not reverse, but

affirms the judgment which put an end to an absolutely useless controversy.

*Brushaber* v. *Union Pac. R. R. Co.; ante,* p. 1, followed to effect that the Income Tax Law of 1913 is not unconstitutional in any of the respects involved in that or this action.

THE facts, which involve the constitutionality and application of the Income Tax Law of 1913, are stated in the opinion.

*Mr. William D. Guthrie,* with whom *Mr. Fred A. Baker* was on the brief, for appellant:

The whole of the Income Tax provision of the Tariff, subd. 2, div. A, of § 2 of the Act of October 3, 1913, is unconstitutional, because of the invalidity of the provisions: (1) subjecting stockholders in corporations, when computing their surtaxes to liability for the gains and profits of the corporations which have not been divided or distributed; (2) vesting in the Secretary of the Treasury an arbitrary power of determining, without notice, or a hearing, whether any corporation has accumulated a greater undivided surplus than is reasonable for the needs and purposes of the business; and (3) permitting corporations to accumulate and withhold from surtax taxation such part of their gains and profits as may be reasonably necessary for the needs and purposes of the business, and in not according such great business privilege to individuals and partnerships.

The provisions levying a graduated surtax on the incomes of individuals in excess of $20,000 without levying the same on the incomes of corporations in excess of $20,000 are unconstitutional and void.

Classifying incomes according to their sources and levying different rates on the several classes has objectionable features and consequences which do not pertain to that classification which is permissible in levying duties, imposts and excises.

In support of these contentions, see *Brewer Brick Co.* v. *Brewer*, 62 Maine, 62; *Chicago &c. R. R.* v. *Chicago*, 166 U. S. 226; *Coe* v. *Armour Fertilizer Works*, 237 U. S. 413; *Cooley* v. *Granville*, 10 Cush. 53; *DeBarry* v. *Dunne*, 162 Fed. Rep. 961; *Flint* v. *Stone Tracy Co.*, 220 U. S. 107; *Georgia R. R.* v. *Wright*, 207 U. S. 127–138; *Grier* v. *Tucker*, 150 Fed. Rep. 658; *Howell* v. *Bristol*, 8 Bush, 493; *Hooper* v. *Emery*, 14 Maine, 375; *Lexington* v. *McQuillan*, 9 Dana (Ky.), 513; *Loan Association* v. *Topeka*, 20 Wall. 655; *Louis. & Nash. R. R.* v. *Stock Yards*, 212 U. S. 132, 144; *McCoach* v. *Minehill Co.*, 228 U. S. 295; *Mo. Pac. Ry.* v. *Nebraska*, 164 U. S. 403, 417; *Norwood* v. *Baker*, 172 U. S. 269; *People* v. *Brooklyn*, 4 N. Y. 420; *Pollock* v. *Farmers' L. & T. Co.*, 158 U. S. 601; *Roller* v. *Holly*, 176 U. S. 398, 409; *Schwerzchild* v. *Rucker*, 143 Fed. Rep. 656; *Sears* v. *Cottrell*, 5 Michigan, 251; *Security Trust Co.* v. *Lexington*, 203 U. S. 323, 333; *State* v. *Township*, 36 N. J. L. 66; *State* v. *Travellers' Ins. Co.*, 73 Connecticut, 255; *Southern Ry.* v. *Greene*, 216 U. S. 400, 417; *Stratton's Independence* v. *Howbart*, 231 U. S. 414; *Stuart* v. *Palmer*, 74 N. Y. 183, 188; *Sutton* v. *Louisville*, 5 Dana (Ky.), 28, 31; *United States* v. *Whitridge*, 231 U. S. 144; *Weeks* v. *Milwaukee*, 10 Wisconsin, 242; *Water Co.* v. *Wade*, 59 N. J. L. 78.

*The Solicitor General* and *Mr. Assistant Attorney General Wallace* for appellee.[1]

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The appellants are the same persons who sued in *Dodge* v. *Osborn*, just decided, *ante*, p. 118. After the dismissal of that suit by the Supreme Court of the District of Columbia for want of jurisdiction the parties, on June 10, 1914, filed their bill in the court below against the Collector

---

[1] For abstract of argument in this and other cases argued simultaneously herewith, see p. 5, *ante*.

of Internal Revenue to enjoin the collection of the surtaxes assessed against them which were disputed in the previous case on substantially the same grounds alleged in the complaint in that case. The bill alleged, however, that plaintiffs had filed with the Collector "an appeal or claim for the remission and abatement of the surtaxes" because of the unconstitutionality of the statute imposing them and that the Commissioner of Internal Revenue to whom the claim had been forwarded by the Collector had such protest under advisement. Upon the filing of the bill the plaintiffs moved for a preliminary injunction which was denied July 29, 1914. On the same day by leave of court a supplemental bill was filed which alleged that since the filing of the original bill the Commissioner of Internal Revenue had ruled adversely upon plaintiffs' protest and that thereupon they had paid the surtaxes to the Collector under protest, and they prayed a recovery of the amount paid to the Collector and for the other relief asked in the original bill. The defendant moved to dismiss the bill for want of jurisdiction because the suit was brought to enjoin the collection of a tax contrary to the provisions of Rev. Stat., § 3224, and for want of equity because the Income Tax Law was constitutional and valid. The court sustained the motion on the latter ground and dismissed the bill on the merits and the case is here on direct appeal because of the constitutional questions.

The Government insists that the court below was without jurisdiction to decide the merits and we come first to that question. It is apparent if the original bill alone is taken into view that the suit was brought to enjoin the collection of a tax and the court was without jurisdiction for the reasons stated in the previous case. And it is argued by the Government that there was no jurisdiction under the supplemental bill since it fails to allege that an appeal was taken to the Commissioner of Internal Revenue after the payment of the taxes and that he refused

to refund them and therefore fails to allege a compliance with the conditions imposed by §§ 3220 and 3226 of the Revised Statutes as prerequisites to a suit to recover taxes wrongfully collected. But broadly considering the whole situation and taking into view the peculiar facts of the case, the protest to the Commissioner and his exertion of authority over it and his adverse ruling upon the merits of the tax, thereby passing upon every question which he would be called upon to decide on an appeal for a refunding of the taxes paid, we think that this case is so exceptional in character as not to justify us in holding that reversible error was committed by the court below in passing upon the case upon its merits, thus putting an end, to further absolutely useless and unnecessary controversy. We say useless and unnecessary because on the merits all the contentions urged by the appellants concerning the unconstitutionality of the law and of the surtaxes which it imposes have been considered and adversely disposed of in *Brushaber* v. *Union Pacific R. R., ante*, p. 1.

*Judgment affirmed.*

MR. JUSTICE McREYNOLDS took no part in the consideration and decision of this case.