**KELLY v. LEWELLYN, Collector of Internal Revenue.**

(District Court, W. D. Pennsylvania.   May Term, 1921.)

No. 452.

Internal revenue ⬅═➡45—Penalties for illegal sales must be enforced by suit.
   National Prohibition Act, tit. 2, § 35, providing that a tax in double the amount provided by existing law shall be assessed against and collected from any person responsible for illegal manufacture or sale of liquor, "with an additional penalty of $500 on retail dealers and $1,000 on manufacturers," does not vest a collector of internal revenue with au-

thority to collect the penalty by distress and sale, but under Judicial Code, § 24 (9), being Comp. St. § 991 (9), such penalty can be enforced only by suit in the District Court.

In Equity. Suit by Joseph P. Kelly against C. G. Lewellyn, Collector of Internal Revenue. On motion to dismiss bill. Motion overruled.

See, also, 274 Fed. 108.

Van A. Barrickman, of Pittsburgh, Pa., for plaintiff.
The United States Attorney, for defendant.

ORR, District Judge. This bill was filed to restrain the defendant from seizing property of the plaintiff and subjecting it to the payment of the penalty provided in title 2, § 35, of the National Prohibition Act (41 Stat. 317). The material portion of that section is as follows:

"Sec. 35. * * * This act shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor. or relieve anyone from criminal liability, nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws.

"The Commissioner, with the approval of the Secretary of the Treasury, may compromise any civil cause arising under this title before bringing action in court; and with the approval of the Attorney General he may compromise any such cause after action thereon has been commenced."

The plaintiff sets forth in his bill, at considerable length, averments which, if true, would relieve him from all liability under said section. In addition thereto, he sets forth that, after a previous bill had been filed by him to enjoin the collection of both the taxes and the penalty mentioned in said section, this court refused the prayer of said bill because the plaintiff had not averred that he had paid the taxes required to be assessed by said section. In the present bill he further sets forth that he has paid the taxes assessed against him in double the amount as required by the act, but that, notwithstanding the payment of the taxes, the defendant is proceeding to collect the penalty imposed by said section to an amount of $549.38 and costs. The plaintiff insists that the defendant, as collector, is without power and authority to enforce the payment of the penalty, for the reason that such duty was not imposed upon him by any act of Congress; but, on the contrary, the law is that the liability of the plaintiff, if such liability exists, to pay such penalty, must be determined by proper proceedings in this court.

The motion to dismiss having been filed by the United States attorney on behalf of the defendant, the matter came on to be heard, and a preliminary order was made in the nature of a rule upon the collector to show cause why the plaintiff should not have relief, and requiring the status of the case to remain until the disposition of the rule. The

274 F.—8

matter has now been argued, and is before this court for a decision upon the motion to dismiss.

It is clear, from the language of the section of the act, that a distinction is drawn between taxes and penalty. It is plain, from the reading of the act, that there is wanting any provision imposing the duty upon a collector of revenue, or his subordinate, to determine the liability for the penalty or to proceed of his own motion for the collection of the same without resort to a proper court. The provisions of the second paragraph of said section with respect to the compromise of any civil cause arising under this title before bringing action in court, and as well of any such cause after action has been brought, is rather significant. The question immediately arises in one's mind: What can be compromised before or after action brought in court, unless it be that which is intended by the act to be the subject-matter of legal proceedings, and not the subject-matter of administrative action?

It is hard to conceive of anything more prominently fixed by law as within the jurisdiction of the District Court than the recovery of penalties. The first Judiciary Act, passed by Congress on September 24, 1789, gave the District Courts of the United States jurisdiction of all suits for penalties and forfeitures incurred under any law of the United States. That provision has remained the same, and is now found in the ninth paragraph of section 24, chapter 2, of the Judicial Code, which went into force January 1, 1912, in the following language:

"Sec. 24. The District Court shall have original jurisdiction as follows:
* * * * * * * * *
"Ninth. Of all suits and proceedings for the enforcement of penalties and forfeitures incurred under any law of the United States."
Comp. St. § 991.

The provisions of the act before us are not like those which authorize an executive officer to impose or collect exactions, for example, Oceanic Navigation Co. v. Stranahan, 214 U. S. 320, 29 Sup. Ct. 671, 53 L. Ed. 1013. Nor is this a case where the plaintiff seeks to have the courts interfere with the performance of the ordinary duties of executive departments, such as the collection of taxes, etc. Plaintiff's first bill, above mentioned, could not be sustained, because he sought a restraint upon the collector of revenue, not only with respect to the collection of penalties, but with respect to the double taxes mentioned in the section. See Opinion of Thomson, J., 274 Fed. 108, filed March 17, 1921, at No. 418, May Term, 1921.

I am satisfied that Congress has not placed in the hands of the collector of revenue the power to collect, by distress and sale, the penalties provided for in the said section of the National Prohibition Act. This same question has been before courts in other jurisdictions, and decided in favor of the plaintiff, where similar bills have been filed. See Accardo v. Fontenot, Collector of Internal Revenue, 269 Fed. 447, in the District Court for the Eastern District of Louisiana, where Judge Foster has given the subject grave consideration.

The motion to dismiss the bill must be overruled.