**CITY OF SEATTLE et al. v. POE, Collector of Internal Revenue, et al.**

(District Court, W. D. Washington, N. D. February 26, 1925.)

No. 397.

**Internal revenue ⟨⟩28—Court held without jurisdiction to enjoin collection of income taxes.**

In view of the prohibition of Rev. St. § 3224 (Comp. St. § 5947), section 3226, as amended November 23, 1921 (Comp. St. Ann. Supp. 1923, § 5949), the fact that numerous individuals have a like interest with complainants will not give a court jurisdiction to enjoin collection of an internal revenue tax on incomes not expressly exempted from taxation by the statute.

In Equity. Suit by the City of Seattle and others against Burns Poe, Collector of Internal Revenue, and C. L. Huey, Deputy Collector of Internal Revenue. On motion to dismiss amended bill. Granted.

Thomas J. L. Kennedy, Corp. Counsel, Walter B. Beals, Asst. Corp. Counsel, and A. C. Van Soelen, all of Seattle, Wash., for plaintiffs.

Thos. P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash., for defendants.

CUSHMAN, District Judge. The city of Seattle, plaintiff, owns and operates a municipal street car system. The individual plaintiffs are employees of the city, in the department of public utilities, street railway division. The suit purports to be brought not only for the plaintiffs, but on behalf of others similarly situated, against the collector of internal revenue, and prays that the defendant Burns Poe, collector, and all persons claiming to act under his authority, and that of the Revenue Act of 1921, 42 Stat. 227, be enjoined from requiring a return or collecting any taxes, exacting any penalties,

or distraining any property of the plaintiffs, or its street railway employees. The defendant moves to dismiss the amended bill.

The court, April 12, 1924, denied a temporary injunction in this case, because of the terms of section 3224, R. S. (Comp. St. § 5947), and section 3226 as amended November 23, 1921, Comp. St. Ann. Supp. 1923, § 5949. Upon this motion, the court is asked to reconsider its former ruling, particular reliance being placed upon the decision of the District Court for the Eastern District of Michigan in Frey v. Woodworth, 2 F.(2d) 725, rendered December 23, 1924. While the decision in that case is relevant upon the point that the individual plaintiffs here are exempt from tax, the collection of which is sought, it is not applicable upon the present question; for in the suit before Judge Simons the tax had been paid under protest, and the suit was to recover the tax, not a suit to enjoin its collection. None of the cases cited warrant the granting of the relief prayed.

In Ledbetter v. Bailey, Collector, etc. (D. C.) 274 F. 375, 381, it was held that the collector was seeking, not the recovery of a tax, but a penalty—something designed to punish. Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 15 S. Ct. 673, 39 L. Ed. 759, was a suit, not to enjoin a collector of internal revenue, but by a stockholder to prevent the corporation from voluntarily making a tax return. Veazie Bank v. Fenno, 8 Wall. 533, 19 L. Ed. 482, was a suit to recover a tax paid on the notes of a state bank; the tax was held valid. The Collector v. Day, 11 Wall. 113, 20 L. Ed. 122, was a suit to recover from the collector a tax, paid by a judicial officer of the state, which had been by the collector assessed upon his salary. United States v. Railroad Co., 17 Wall. 322, 21 L. Ed. 597, was a suit by the United States to collect a tax. Mercantile Bank v. New York, 121 U. S. 138, 7 S. Ct. 826, 30 L. Ed. 895, was a suit by a national bank to enjoin the collection of a tax assessed by the state upon national bank shares. The Supreme Court affirmed the lower court's decision dismissing the bill. Van Brocklin v. State of Tennessee, 117 U. S. 151, 6 S. Ct. 670, 29 L. Ed. 845, was a suit to foreclose state, county, and city taxes assessed upon real estate at a time when it was owned by the United States.

Language is used in Hill v. Wallace, 259 U. S. 44, at page 62, 42 S. Ct. 453, 456 (66 L. Ed. 822), that considered alone it may be argued lends support to the contention of plaintiffs; in that case, however, the incon-

venience resulting from a denial of injunctive relief and the relegating of complainants to their law action to recover taxes, after payment, would have been much greater than in the present suit. In that case it was said: "In the case before us, a sale of grain for future delivery without paying the tax will subject one to heavy criminal penalties. To pay the *heavy tax on each of many daily transactions which occur in the ordinary business of a member of the exchange,* and then sue to recover it back would necessitate a multiplicity of suits and, indeed, would be impracticable." (The italics are those of this, and not the Supreme Court.)

In the instant case, while the employees affected are numerous, the payment of the tax is required for the year—not upon "many daily transactions." In Hill v. Wallace, supra, the Supreme Court, however, does not base its determination of the case upon the ground which it discussed, as above; for thereafter in its opinion in that case it said: "The right to sue for an injunction against the taxing officials is not, however, necessary to give us jurisdiction. If they were to be dismissed under § 3224, the bill would still raise the question here mooted against the Board of Trade and its directors. The Solicitor General has appeared on behalf of the government and argued the case in full on all the issues. Our conclusion as to the validity of the act will, therefore, have the same effect as did the judgment of the court in respect to the income tax law in Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, to which the government was not a party but in which the Attorney General on its behalf was heard as amicus curiæ."

That this is the effect of the decision in Hill v. Wallace is pointed out in the recent decision of the Circuit Court of Appeals of the Seventh Circuit: Reinecke, Collector, v. Peacock, 3 F.(2d) 583.

In Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557, and Dodge v. Brady, 240 U. S. 122, 36 S. Ct. 277, 60 L. Ed. 569, the lower court was upheld in denying injunctive relief. In the former of these two cases the action of the lower court, in affirming the action of the trial court in sustaining a motion to dismiss the complaint for want of jurisdiction because the complainant had an adequate remedy at law, and because of the provisions of section 3224, was sustained; the court saying:

"And this doctrine has been repeatedly applied until it is no longer open to question that a suit may not be brought to enjoin the assessment or collection of a tax because of the alleged unconstitutionality of the statute imposing it. Shelton v. Platt, 139 U. S. 591; Pittsburgh etc. Ry. v. Board of Public Works, 172 U. S. 32; Pacific Whaling Co. v. United States, 187 U. S. 447, 451, 452.

"But it is contended that this doctrine has no application to a case where wholly independent of any claim of the unconstitutionality of the tax sought to be enjoined, additional equities sufficient to sustain jurisdiction are alleged, and this, it is asserted, being such a case, falls within the exception to the general rule. *But conceding for argument's sake only the legal premise upon which* the contention rests, we think the conclusion that this case falls within such exception is wholly without merit, since after an examination of the complaint we are of the opinion that no ground for equitable jurisdiction is alleged. It is true the complaint contains averments that unless the taxes are enjoined many suits by other persons will be brought for the recovery of the taxes paid by them, and also that by reason of Rev. Stat. § 3187, making the tax a lien on plaintiffs' property the assessment of the taxes would constitute a cloud on plaintiffs' title. But these allegations are wholly inadequate under the hypothesis *which we have assumed solely for the sake of the argument,* to sustain jurisdiction, since it is apparent on their face they allege no ground for equitable relief independent of the mere complaint that the tax is illegal and unconstitutional and should not be enforced—allegations which if recognized as a basis for equitable jurisdiction would take every case where a tax was assailed because of its unconstitutionality out of the provisions of the statute and thus render it nugatory, while it is obvious that the statute plainly forbids the enjoining of a tax *unless by some extraordinary and entirely exceptional circumstance its provisions are not applicable.*" (Italics are those of this, and not the Supreme Court.)

In Dodge v. Brady the bill of complaint attacked the constitutionality of the Revenue Tax Law in the trial court. After the denial of injunctive relief a supplemental bill was filed alleging that the tax had been paid the collector and praying its recovery, but without an appeal to the Commissioner of Internal Revenue for a refund. The defendant moved for a dismissal of the supplemental bill for want of jurisdiction in the court, under section 3224, R. S., and for want of equity, in that the income tax law was valid.

The lower court dismissed the bill upon

the latter ground and was sustained therein by the Supreme Court; the reason, in part, being as stated: "We think that this case is so exceptional in character as not to justify us in holding that reversible error was committed by the court below in passing upon the case upon its merits. * * *"

It is obvious that the needs of government are instant and supreme. The taxes paid are for the benefit of all; the convenience of the one or class must yield to the needs and convenience of the government. Doubtless the designation of that which is taxable is a legislative function and not executive, and an attempt by the executive arm of the government to exact income, at least in the absence of express statutory authority, from the property of the state devoted strictly to the maintenance of the ordinary functions of state government, will warrant the courts in treating an imposition as no tax, and enjoin its collection; as was done in the case of the United States v. King County, Washington, 281 F. 686, in which the Circuit Court of Appeals for this circuit held the establishment and operation of a ferry, by the county, was the exercise of a strictly governmental function, protected against taxation by the federal Constitution; and a tax upon persons paying the ferry transportation charges necessary for the county to maintain the ferry was an interference with and burden upon the governmental functions of the state. In South Carolina v. United States, 199 U. S. 437, at page 461, 26 S. Ct. 110, 116 (50 L. Ed. 261, 4 Ann. Cas. 737), the court said: "These decisions, while not controlling the question before us, indicate that the thought has been that the exemption of state agencies and instrumentalities from national taxation is limited to those which are of a strictly governmental character, and does not extend to those which are used by the state in the carrying on of an ordinary private business."

To attempt to tax a state highway, with its bridges and ferries, which are absolutely essential to the freedom and liberty of its citizens, is a vastly different thing in principle from the taxation of the income of individual employees of a municipal street car system, operated as a business upon the state's highways. Section 213, of title 2, pt. 2, of the Revenue Act of November 23, 1921, in part provides, 42 Stat. pp. 237 and 238 (Comp. St. Ann. Supp. 1923, § 6336⅛ff); 43 Stat. at Large, p. 267, § 213: "That for the purposes of this title (except as otherwise provided in section 233) the term 'gross income' * * * does not include the following items, which shall be exempt from taxation under this title: * * * (7) Income derived from any public utility or the exercise of any essential governmental function and *accruing to any state, territory, or the District of Columbia, or any political subdivision of a state or territory, or income accruing to the government of [or] any possession of the United States, or any political subdivision thereof.*" (Italics are those of this Court, and not of the Act.)

This court agrees with Judge Simons in his holding in Frey v. Woodworth, supra, that Congress by this legislation intended, as stated, alone, to exempt income "accruing to the state," etc., and not the income of employees of the utility. It will be noted in the exemption provided for in subsection 7, income accruing to any state, etc., is coupled with a like exemption of income accruing to the government. By subsection A, § 213, of the Act, 42 Stat. at Large, p. 238, it is provided that the salaries of all officers and employees of the United States, or its political subdivisions, including the District of Columbia, whether elected or appointed, are declared taxable, including in the case of the President and judges of the Supreme Court and inferior courts of the United States the compensation received as such. In so far as the last-named officers are concerned, it has been held that under the Constitution their compensation is not taxable. Article 2, § 1, cl. 6, and article 3, § 1, of the United States Constitution, and authorities cited in note 211, page 14015, U. S. Comp. Stat. 1916. But the question in the present case remains unaffected by reason of there being any question upon this point.

There being no express provision exempting the incomes of employees of such public utilities, the executive branch of the government should not be enjoined from collecting such income in advance of a final and authoritative determination that such income is exempt; for if the collector be so enjoined, and eventually it be finally determined that such income is taxable, there would be danger that much of the income, the collection of which had been enjoined, would be lost to the United States; and in any event, delay and additional expense in its collection incurred; all of which would be avoided by a strict compliance with sections 3224 and 3226 as amended. Rock Island, Arkansas & Louisiana R. R. Co. v. United States, 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188; Graham, etc., v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965.

Motion to dismiss granted.