**CONCENTRATE MFG. CORPORATION v. HIGGINS, Collector of Internal Revenue.**

**No. 397.**

Circuit Court of Appeals, Second Circuit.

June 7, 1937.

Evarts, Choate, Curtin & Leon (Maurice Leon, of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty. (Clarence E. Dawson, Sp. Asst. to the Atty. Gen., William F. Young, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

This is an appeal from a decree in a suit in equity denying an injunction pendente lite, and dismissing the bill for insufficiency in law. The suit was to enjoin the defendant, the collector of internal revenue, from distraining upon the plaintiff, under a deficiency assessment levied under sections 603 and 619 of the Revenue Act of 1932 (26 U.S.C.A. c. 20 note). The plaintiff was a New York corporation organized on March 20, 1933, all of whose shares were held by the well-known French company, Parfumerie Roger et Gallet. Its business is to manufacture perfumes and other toilet preparations according to the formulæ of the French company and to dispose of them as hereinafter stated. Between 1926 and 1933 the French company had done its American business, through the intervention of another New York corporation, Roger et Gallet, Inc., of whose shares it held 86 per cent., and to which it sent the concentrates or essences which were the foundation of its preparations, and which Roger et Gallet, Inc., compounded with alcohol, put into bottles or boxes, and sold under the trade-marks of the

440

French company. Roger et Gallet, Inc., had a manufacturing plant for this purpose, including machinery and a staff of employees. After the incorporation of the plaintiff, Roger et Gallet, Inc., conveyed this plant to the French company in payment of some of its indebtedness to that company, and the French company at once transferred the plant to the plaintiff in consideration of all its shares. The ensuing practice was for the plaintiff to manufacture the toilet preparations in this country, including the essences or concentrates, and to sell finished products in bulk to Roger & Gallet, Inc., which put them up in bottles or boxes and sold them under the trademarks of the French company, which the plaintiff was not authorized to use. The plaintiff contracted with Roger et Gallet, Inc., not to sell to any one else, except with its consent; the prices at which it sells are more than the fair market price of similar products sold generally by other perfumers.

Section 603 of the Revenue Act of 1932 (26 U.S.C.A. c. 20 note) imposes an excise of 10 per cent. of the sale price upon perfumes and the like; section 619 (26 U.S.C.A. c. 20 note) prescribes the method by which the sales price shall in special instances be computed. Subdivision (b) provides that, if the article is "sold (otherwise than through an arm's-length transaction) at less than the fair market price, the tax * * * shall * * * be computed on the price for which such articles are sold, in the ordinary course of trade, by manufacturers or producers thereof, as determined by the Commissioner." In assessing the tax against the plaintiff, the Commissioner refused to use the prices at which it sold to Roger et Gallet, Inc., and in their stead used the much higher prices at which Roger et Gallet, Inc., sold to the public under the French company's trademarks. The plaintiff insisted that it should not be charged with the added price due to the trade-marks, and filed its return upon the prices at which it sold to Roger et Gallet, Inc. The Commissioner thereupon assessed the tax and the collector gave notice that he would distrain upon the property of the company for some $70,000; the suit is to enjoin this distress. The supposed equity of the bill lies in the fact that the plaintiff's quick assets are only about $60,000, and that its net worth, including its capital, only about $100,000. The bill alleges, and the fact may be assumed, that if the distress proceeds, the business will be destroyed, unless the French company intervenes. The judge concluded that the case was not within any of the implied exceptions to R.S. § 3224 (26 U.S.C.A. § 1543), denied an injunction, and dismissed the bill.

■ It is true that the apparently unconditional language of R.S. § 3224, is subject to exceptions. In Dodge v. Brady, 240 U.S. 122, 36 S.Ct. 277, 60 L.Ed. 560, the Supreme Court affirmed a decree dismissing a bill on the merits which sought to enjoin the collection of a tax, instead of dismissing it for lack of jurisdiction. But this it did merely to lay any doubts of the constitutionality of the tax; it does not follow that it would have assented to an injunction had the act been unconstitutional. Hill v. Wallace, 259 U.S. 44, at pages 66, 67, 42 S. Ct. 453, 457, 66 L.Ed. 822, did indeed enjoin what was in form a tax, but the court considered it as in effect a penalty, imposed in terrorem, and part of an effort to coerce dealers in grain to enter into a board of trade regulated by the Secretary of Agriculture. Moreover, jurisdiction over "the taxing officials" was not essential, 259 U.S. 44, at pages 62, 63, 42 S.Ct. 453, 456, 66 L.Ed. 822, for the suit was good against the Board of Trade alone. Nevertheless, it must be owned that the court countenanced the notion that there were implicit exceptions to the statute. In Graham v. Du Pont, 262 U.S. 234, at page 258, 43 S.Ct. 567, 570, 67 L.Ed. 965, the plaintiff failed, though the possibility was again reserved, and incidentally Hill v. Wallace, supra, was classed as a suit to enjoin a penalty which is unquestionably outside the statute. Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061; Regal Drug Corp. v. Wardell, 260 U.S. 386, 43 S.Ct. 152, 67 L.Ed. 318. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, is the first and only decision in which the court has actually enjoined the collection of a tax in the face of the statute. The circumstances were peculiarly unfair; the plaintiff had begun to manufacture in reliance upon the rulings of the Treasury following several decisions of the District Court, from which no appeal had been taken, and which had held the tax not to be applicable to the business; and the tax was so high as to destroy it. Even so, two out of the eight justices who took part dissented. Although we cannot therefore say that

there are no exceptions, they are at best only when the taxpayer is put to the direst necessity, and can make out a case of gross and indisputable oppression, without adequate remedy at law.

The case at bar is so obviously not of that sort that little need be said to show the lack of equity of the bill. The plaintiff is a wholly owned subsidiary of the French company, used by it to manufacture its products in the United States; necessarily no more than a department of its business, as the defendant rightly calls it. There can be no pretense that it has not an adequate remedy at law, except for the claim that the distress will make it insolvent. That is patently unreal; the French shareholders are the only persons interested. They must pay the tax out of one pocket or the other; and there is not the slightest reason to suspect that the amount will cripple their business, or even be beyond their current financial resources. The fact that they have chosen to do their American business through a subsidiary, is immaterial, when there is a case of hardship to be made out. In estimating the injustice of collecting the tax, should it prove invalid, we cannot close our eyes to the actual incidence of the loss and its consequence, not to a merely juristic entity, but to the living persons who must bear it. We need not, and therefore we do not, decide anything about the propriety of taking the prices of the goods upon the market, except to say that the issue is debatable, and the ruling cannot properly be called arbitrary. The statute does indeed levy the excise upon the manufacturer, but conceivably the plaintiff is not so impenetrable a screen as to hide the French company, and, conceivably, as the trade-marks may be still within its control, the added value which they give to the goods should be taken as a part of their sales price. Again it is arguable—in spite of the outstanding shares of Roger et Gallet, Inc., of the connection of whose holders with the French company we know nothing— that all three companies should be taken as a single manufacturing and selling unit. How far the case is one where form should prevail, as at times it must, we do not mean even to intimate; it is enough that the issue is a vexed one on which people may differ. For both these reasons the bill is without equity and was properly dismissed.

Decree affirmed.