**Will McCLURE and Ruby McClure**

v.

**J. M. ROUNTREE, District Director of Internal Revenue.**

Civ. A. No. 4017.

United States District Court
E. D. Tennessee, S. D.
April 10, 1963.

216

Ben E. Caldwell, Chattanooga, Tenn., for plaintiff.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for defendant.

FRANK W. WILSON, District Judge.

This is a suit by taxpayers seeking to enjoin the collection of Federal Income Taxes and seeking to have the assessment of the said taxes set aside as null and void. The defendant has filed a motion in opposition to the granting of a preliminary injunction and a motion to dismiss. In support of these motions the defendant has filed the affidavit of J. M. Rountree, the District Director of Internal Revenue, and the affidavit of Walter F. Welch, Internal Revenue Agent.

A hearing upon the application for preliminary injunction and upon the foregoing motions of the defendant was held upon March 27, 1963. The complaint in this case alleges that the defendant has seized the home of the complainants and given notice of sale of the same in collection of $4847.95 Federal Income Tax claimed by the defendant to be due. It is alleged that the tax represents the balance due on taxes assessed in 1952, that the taxes were assessed illegally and arbitrarily after the complainants were threatened with criminal prosecution and otherwise coerced into failing to protest the illegal assessments.

Upon the hearing on the application for the temporary injunction the complainants each testified. It appears from this testimony that in 1952 the complainant, Will McClure, procured a federal gambling stamp. Thereafter he was investigated by the Internal Revenue Service for failing to file income tax returns for the years 1949 and 1950. He admits that he owed tax for these years but claims that he was induced to sign returns for a larger amount than was properly due by threats of criminal prosecution. He in turn induced his wife to sign, having been persuaded by the agent that a joint return would be to their advantage. The complainants claim to have paid some $3200 on this tax since 1952, but that the gambling business got bad in Chattanooga and they were unable to make further payments, with the result that the Government was now seeking to foreclose on their home. Mr. McClure admitted that he owed some tax for the years in question, but denied that he owed the amount claimed.

The affidavit of the District Director of Internal Revenue reflects that on May 5, 1952 an assessment was duly made against the complainants for taxes and

interest due for 1949, 1950 and 1951 in the total amount of $3722.05. Payments of $747.84 have been made on this tax by the complainants. No administrative or judicial question has been raised about the tax by the taxpayers prior to the filing of this suit upon January 21, 1963.

The affidavit of Walter F. Welch, Internal Revenue Agent, states that he was assigned to investigate the case of Will McClure in the latter part of 1951. He states that his investigation revealed that McClure's principal source of income was from the numbers business and gambling, that McClure had failed to file tax returns for 1946, 1947, 1949 and 1950 and had filed a return for 1948 but had understated his income for that year. Returns were prepared for each of these years on information available and these returns were signed by Mr. and Mrs. McClure along with Form 870, a waiver of restrictions on assessment and collection of deficiency in tax. Any threat of criminal prosecution or coercion is denied and it is stated that Will McClure was in complete accord with the correctness of the returns before signing them and before getting his wife to sign them. The sum of $2000 was paid toward the tax at the time the returns were filed.

■■ Under the foregoing state of the record the Court is unable to see where it would have any authority or jurisdiction to grant a temporary injunction. Suits to restrain the assessment or collection of federal taxes are expressly prohibited by 26 U.S.C.A. § 7421(a). A similar provision was contained in Section 3653 of the 1939 Internal Revenue Code. The reason and purpose for this denial of jurisdiction to so restrain the assessment and collection of taxes is set forth in the State Railroad Tax Cases, 92 U.S. 575, 23 L.Ed. 663. Although the prohibition upon the Court appears absolute in Sec. 7421(a), it has been construed by a long line of cases as not denying the Court jurisdiction to grant a restraining order where the case presents extraordinary and entirely exceptional circumstances. Dodge v. Brady, 240 U.S. 122, 36 S.Ct. 277, 60 L.Ed. 560; Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822; Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292. Certainly no such extraordinary or unusual circumstances exist here as would warrant an exception to Sec. 7421(a) or as would warrant the granting of a restraining order. The complainants signed the returns and made payments thereon over a period of years. For a period of more than ten years they have raised no question as to the validity of the returns or the tax due. They do not appear to have ever sought any administrative relief. They do not now deny that they owe the tax, but rather only dispute the amount thereof without either stating wherein the tax is in error or what the correct tax is. The application for a temporary restraining order should therefore be denied.

■ Considering next the motion of the defendant to dismiss the complaint, this motion is supported by affidavits and will be considered by the Court as a motion for summary judgment. See Rule 12(b), Federal Rules of Civil Procedure. The complainants have had full opportunity to respond to this motion at the time of the hearing upon the injunction. There is no evidence in this case of any extraordinary or exceptional circumstances that would form any basis for the Court making an exception to the prohibition against judicial restraint on the assessment or collection of taxes as contained in 26 U.S.C.A. § 7421(a).

■ In addition to asking for an injunction, the complainants ask that the Court either determine the correct tax or remand the matter to the District Director of Internal Revenue for determination of the correct tax. It is undisputed in the record that no attempt has been made by the complainants to obtain an administrative determination or correction of the tax, nor has payment of the tax been made and claim for refund

218

filed. In the absence of exhaustion of administrative remedies, this Court is without jurisdiction to either hear the case for determination of the tax or to remand the case to the District Director of Internal Revenue. The defendant's motion for summary judgment will be sustained and this suit will be dismissed.

An order will enter accordingly.