## THORNHILL WAGON CO. v. NOEL, Collector, et al.

(District Court, E. D. Virginia. September 23, 1926.)

**1. Internal revenue ⬅⟹28(3)—Collection of income tax or levy of distraint warrant cannot be restrained by injunction (Comp. St. § 5947; Revenue Act 1926, § 1106, subd. [a]).**

Under Rev. St. § 3224 (Comp. St. § 5947), the collection of an income tax or enforcement of levy under distraint warrant cannot be restrained by an injunction, notwithstanding Revenue Act 1926, § 1106, subd. (a), being 44 Stat. 113, providing that "no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax," since quoted provision applies to voluntary refunds, and does not preclude recovery in action at law against collector individually.

**2. Internal revenue ⬅⟹28(4)—Officer, serving legally issued warrant for distraint for income and profits taxes, may exact waiver of limitations and technical objections as condition to postponement of sale.**

Officer, in serving warrant for distraint for federal income and profits taxes issued by collector of internal revenue, may exact waiver of all rights as to statute of limitations and technicalities due to failure to advertise property on day of service as condition of postponement of sale of distrained property, if issuance by collector of the warrant of distraint was legal and valid; such waiver not being void for duress.

**3. Internal revenue ⬅⟹38(9)—United States is not necessary party in action against collector of internal revenue for taxes paid.**

In action against collector of internal revenue for taxes paid under protest, the United States is not a necessary party.

In Equity. Suit by the Thornhill Wagon Company against John C. Noel, Collector, etc., and others. On motion for temporary injunction, and on motion to dismiss. Motion for temporary injunction denied. Motion for dismissal held for reargument.

Strode & Edmunds, of Lynchburg, Va., for plaintiff.

A. W. Gregg, General Counsel Bureau of Internal Revenue, Charles T. Hendler, Sp. Atty., Internal Revenue, both of Washington, D. C., and Paul W. Kear, U. S. Atty., of Norfolk, Va., for defendants.

### Brief Statement of Facts.

GRONER, District Judge. This case is before the court on a motion for a temporary

injunction, and on a motion to dismiss filed by the defendants.

The suit is to restrain the enforcement of a levy made under a warrant for distraint for federal income and profits taxes for the taxable year 1918. The bill alleges that on April 2, 1919 (an extension of time having been granted), complainant filed an amended return of income for the calendar year 1918, showing taxes due amounting to $233,556.22. At about the same time complainant filed a petition for a recomputation of its tax, under sections 327 and 328 of the Revenue Act of 1918 (Comp. St. §§ 6336⅛6j, 6336⅛6k). On September 9, 1920, the Commissioner of Internal Revenue notified complainant of an additional assessment of taxes for 1918 amounting to $916.73. Complainant, having previously paid in installments the sum of $180,156.82, forwarded its check for $916.73, and, believing that it had discharged its full liability for taxes for the year 1918, proceeded to distribute the balance of its net income among its stockholders.

Thus matters stood until July, 1925, when the collector of internal revenue for the district of Virginia made a peremptory demand upon complainant for the sum of $53,309.40, being the balance of the tax alleged to be due. Thereafter, under a warrant of distraint issued by the collector of internal revenue for the district of Virginia under the date of July 8, 1925, the collector, on July 31, 1925, levied on certain personal property of complainant. Complainant was notified that advertisement of the sale of the property levied on would be begun forthwith, unless complainant immediately paid the alleged balance of taxes for the year 1918, or executed at once a waiver, drawn and presented by the collector. Complainant alleges that it was without funds at hand to satisfy the demand, and that it would have been destructive of its credit and business to have submitted to the advertisement of its personal property, and that, under this duress, it signed the waiver, under protest. The language of the waiver is as follows:

"Service of the above distraint proceedings is hereby accepted and all rights as to the statute of limitation as to assessment covered by said warrant is hereby waived, and also any technicalities that may arise as to not advertising said property on this day, or by reason of any postponment or postponments of the sale of the distrained property that may be made, as the delay of the advertisement of the sale of said property and the taking of inventories and the post-

ponement of sale are being done at our request and for our accommodation."

The bill also alleges that before the waiver was signed the deputy collector in charge of the distraint proceedings informed complainant that in signing the waiver complainant would give up no rights already accrued to it. It likewise alleges that, under the same duress and a similar threat of advertisement and sale, a waiver similar to the above in all respects was signed on September 14, 1925.

In September, 1925, complainant filed with the Commissioner of Internal Revenue a protest against the determination theretofore made by him and a request for reconsideration. Under date of December 28, 1925, reconsideration was denied. On March 4, 1926, the bill in this suit was filed, praying that collection by distraint of the balance of taxes alleged to be due be decreed to be barred by limitation; that the waivers be held void and of no effect and be canceled; that the warrant of distraint be set aside, canceled, and declared of no effect; and that the sale under the warrant of distraint or the advertisement of the property of complainant be enjoined and restrained, and for general relief.

## Conclusions.

The motion to dismiss is based on section 3224 of the Revised Statutes. The section provides as follows (section 5947, Comp. St. 1916) :

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

This section has been many times construed by the Supreme Court and by other federal courts, and the effect of the decisions is to hold that, if the assessment is of a tax for revenue purposes, made and attempted to be enforced by the proper revenue officers of the United States under color of their offices, its collection cannot be restrained by injunction. Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557; Dodge v. Brady, 240 U. S. 122, 36 S. Ct. 277, 60 L. Ed. 560; Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816; Graham v. DuPont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965; Seaman v. Bowers (C. C. A. Second Circuit) 297 F. 371.

The full effect of the decisions in these cases is recognized by complainant, for, in the brief of counsel and in the argument in court, it was conceded that "as the law stood before the act of 1926, under the averments

of the amended bill, complainant would not have been entitled to a permanent injunction." It is, however, insisted on behalf of complainant that section 1106 (a) of the Revenue Act of 1926 (44 Stat. 113) wholly destroys the binding effect of the statute (section 3224), as previously determined by the Supreme Court. The section referred to is as follows:

"The bar of the statute of limitations against the United States in respect of any internal revenue tax shall not only operate to bar the remedy, but shall extinguish the liability; but no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax."

And the argument of the complainant is that the effect of this statute is, except as to overpayment, to destroy the provisions of law previously existing by which the taxpayer, when he had paid a tax which he claimed to have been unjustly assessed for any other reason, could bring a suit to recover it back, and that, if this be true a court of equity should, on proper showing, proceed, notwithstanding section 3224, to hear a case on its merits, because no adequate remedy otherwise exists.

[1] The conclusion reached by me as to this position is that section 1106 (a) is not susceptible of this construction. It does indeed provide that no refund shall be made except for overpayment, but this unquestionably was intended to apply to voluntary refunds by the Commissioner and to control the action of the executive departments in such respects. If the tax demanded, and to collect which the distraint was issued, is hereafter paid, and an action at law is begun for its recovery, such action will be against the collector, individually, and not against the United States (Sage v. United States, 250 U. S. 33, 37, 39 S. Ct. 415, 63 L. Ed. 828, and the repayment, if recovery is had, will depend upon other applicable statutes.

It is further insisted by complainant that, even if what has just been said is correct, and therefore that relief by injunction should be denied, the bill should be retained for the purpose of determining whether the waivers obtained from the taxpayer, and set out at length above, should be set aside and declared of no effect, because, as is alleged, they were obtained by duress; for otherwise, it says, when it has paid the tax, and brought suit for a recovery of the money so paid upon the ground that the statute of limitations had applied, and the collection was therefore illegal, it would be defeated in a recovery by the introduction of the waivers, without the right in an action at law to show their illegality.

[2] This question is by no means free, as I see it, from serious doubt. If the decision of the question depended upon the determination of whether or not there was actual duress in obtaining the waiver, my view of the matter would be clear; for, giving full force and effect to all that is said in the bill on this subject, and read in connection with the waiver itself, I think it is apparent that the officer serving the distraint did no more than was his plain duty, and, if the issuance by the collector of the warrant of distraint was legal and valid, the action of the officer who served it in exacting a waiver as the condition of postponement was clearly right.

But if, on the other hand, the proceeding by distraint was ultra vires and void, it would seem to me perhaps to follow that the waiver obtained under such circumstances, being without any consideration, would likewise be void; and the query suggested in this last proposition, if I apprehend correctly the conclusion there announced, seems to have been answered in the affirmative by the Circuit Court of Appeals in the Second Circuit in New York Lighterage Co. v. Bowers, 10 F.(2d) 1017 (s. c. [D. C.] 4 F.[2d] .604), for there it was apparently held that under section 250 (d) of the Revenue Act of 1921 (Comp. St. § 6336⅛tt), imposing the five-year limitation, no proceeding by distraint could legally be begun after the five-year period and that payment made by a taxpayer as a result of such proceeding was payment by duress, and could be recovered back in an action at law.

The return in this case was filed April 2, 1919. If the five-year period applies to extinguish the debt, that time would have run on April 2, 1924, and therefore the act of 1924, effective June 2, 1924 (section 278[d]), extending the limit for proceeding by distraint to six years, would not apply, since section 278 (e) of the same act limits such additional period to cases in which the period of limitation has not then applied.

It would seem, therefore, to follow that, if I am not misled as to the extent of the holding in the Lighterage Case, supra, and if that view prevails on the appeal now pending in the Supreme Court, the effect will be to render void and illegal the proceeding by distraint in this case, and under these circumstances this court, as a court of equity, is perhaps alone clothed with authority to cancel the waiver, which, in an action at law

for a recovery, after complainant has paid the tax, the law court might be wholly without power to reform or cancel. Pacific Mutual v. Webb (C. C. A. Eighth Circuit) 157 F. 155, 13 Ann. Cas. 752.

[3] I do not think the United States are a necessary party. Goltra v. Weeks (decided June 7th, 1926) 271 U. S. 536, 46 S. Ct. 613, 70 L. Ed. 1074.

The temporary injunction is denied, and a decree to that effect will be entered on presentation. The motion to dismiss I shall hold for reargument on the single point suggested above. Counsel may have this matter set down to suit their convenience.