**HENRY WILHELM CO. v. HEINER, Collector of Internal Revenue.**

District Court, W. D. Pennsylvania. May 23, 1927.

No. 3504.

Internal revenue ☞28(1)—Period of limitations for income taxes, prescribed prior to Revenue Act 1924, held applicable to assessment made prior to act's effective date (Revenue Act 1924, § 278 [e], being 26 USCA § 1062).

Period of limitations, prescribed prior to Revenue Act 1924 (43 Stat. 253) as sufficient to bar right of distraint for income taxes or proceedings for collection of income taxes, *held* applicable to assessment made prior to effective date of the act, rather than period of limitations prescribed by the act, under the terms of section 278 (e) of the act, being 26 USCA § 1062 (Comp. St. § 6336⅙zz [5]), providing that the section prescribing the period of limitations shall not affect assessments made before the enactment of the act.

At Law. Action by the Henry Wilhelm Company against Daniel B. Heiner, Collector of Internal Revenue for the Twenty-Third District of Pennsylvania, to recover income taxes alleged to have been illegally collected. A jury trial was waived. Judgment for plaintiff.

Chas. E. Young, of Pittsburgh, Pa., for plaintiff.

J. D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

### Findings of Fact.

SCHOONMAKER, District Judge. From the statement of claim, affidavit of defense, and the proofs in this case, the court makes the following findings of fact:

The plaintiff filed income tax returns for the years 1918 and 1919, on June 14, 1919, and March 13, 1920, respectively. The taxes involved were assessed as follows: The tax for the year 1918 was assessed in January, 1920; the tax for the year 1919 was assessed on September 22, 1922. On or about October 28, 1925, and more than five years from the date of filing the 1918 income tax return, the collector issued a warrant of distraint for the collection of the 1918 tax and took possession of the plaintiff's property, whereupon the plaintiff paid the tax of $3,049.72 under protest, and concurrently with the payment of this tax the plaintiff delivered to the deputy collector a claim for refundment for transmission to the Commissioner of Internal Revenue. No action was taken on this claim for refundment. On or about February 9, 1926, the collector caused a warrant for distraint to be issued for the 1919 tax and took possession of the plaintiff's property, whereupon, under protest, the plaintiff paid the tax of $557.24, and concurrently filed with the defendant a claim for refundment, which was rejected by the Commissioner on May 28, 1926.

### Conclusions of Law.

On this state of facts, the court finds that these taxes were illegally collected, because the collection thereof was barred by the statute of limitations at the time the collection was made. An order may be made for the entry of judgment herein for the

amount claimed, in favor of the plaintiff and against the defendant.

### Discussion.

The exact point at issue here was decided adversely to the defendant in the case of United States v. Harry Whyel and George Whyel, 19 F.(2d) 260, at No. 1227, in equity, by Judge Thomson, of this district. Judge Thomson held that where, as in this case, the assessment of tax was made prior to the effective date of the Revenue Act of 1924 (43 Stat. 253), the act of 1924 did not apply, and that the right of distraint or proceeding for the collection of tax was barred by the period of limitation in existence prior to the passage of the act of 1924. We rest our ruling in this case upon the opinion of Judge Thomson in the case just quoted.

In addition, it may be noted that the same conclusion is supported by the District Court of the Northern District of Ohio in the case of United States v. National Refining Company of Ohio, decided December 15, 1926,[1] and United States v. Godfrey S. Cabot,

[1] UNITED STATES, Plaintiff, v. NATIONAL REFINING COMPANY OF OHIO, Defendant.

UNITED STATES, Plaintiff, v. CUDAHY OIL COMPANY, Defendant.

(Nos. 13303, 13304.)

District Court, N. D. Ohio, E. D. December 15, 1926.

At Law.

A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio.

Tolles, Hogsett & Ginn, of Cleveland, Ohio, for defendants.

WESTENHAVER, District Judge. These actions present precisely the same questions of law and fact, except one question in the second case, which it is unnecessary to consider. Jury trials were waived in writing. The cases were heard upon petition and answer, and evidence, all of which was stipulated.

All questions of law and fact, now necessary to be determined, were fully considered and determined by the Board of Tax Appeal. Its findings of fact and conclusions of law, with a carefully

decided by the Supreme Court of the District of Columbia on June 15, 1926, cited in 5 Am. Fed. Tax Rep. 6172; Appeal of National Refining Co. of Ohio (Board of Tax Appeals, Decision No. 94) 1 B. T. A. 236. In this connection, it may be noted that in the case of United States v. Robert L. Crook and Daniel H. Christman (C. C. A.) 18 F. (2d) 449, it was decided that, where the assessment of taxes for a year prior to 1924 was made after the passage of the Revenue Act of 1924, and within the time prescribed by section 277 (2) of that act being 26 USCA § 1057 (Comp. St. § 6336⅙zz [4]), the statute of limitations applicable is the Revenue Act of 1924. In the instant case, however, the assessment was made long before the effective date of the act of 1924. We think, therefore, that the instant case must be held not to be within the terms of the act of 1924, because that act provides in section 278 (e), being 26 USCA § 1062 (Comp. St. § 6336⅙zz [5]): "This section [containing the six-year period of limitations] * * * shall not * * * (2) affect any assessment made * * * before the enactment of this act."

Let an order for judgment be entered as herein directed.

considered supporting opinion, are exhibited with defendant's answer, and a copy annexed to plaintiff's brief. Upon careful consideration, I am of opinion that its findings of fact are not only not overthrown by the evidence, but are fully supported by the evidence. Likewise no error is perceived in its conclusions of law, nor in the reasons advanced in support of such conclusions. I am content to adopt such findings of fact and conclusions of law, and to dispose of these cases upon the reasoning of the board, without further or additional opinion. No reason or necessity is perceived for again going over the same ground, as admittedly all the evidence now presented was heard and considered by the board, and no new considerations of fact or law are now brought to my attention.

Judgment will be rendered for the defendants. Requests have been made by both parties for special findings of fact upon the issues raised by the pleadings. The request is granted. Counsel will prepare and present these findings of fact, and the same will be settled in accordance with District Court rule No. 34.