## GOVE v. NICHOLS, Collector of Internal Revenue.

District Court, D. Massachusetts. January 19, 1928.

No. 2465.

Internal revenue ⊙⟹38(2)—Tax paid under duress, after collection was barred by limitation, held recoverable (Revenue Act 1921, § 250[d]; Comp. St. § 6336⅛tt; Revenue Act 1926, § 1106 [a]; 26 USCA § 1249).

Where additional income tax assessed was paid under threat of distraint and protest, after its collection was barred by Revenue Act 1921, § 250 (d), being Comp. St. § 6336⅛tt), its recovery held not precluded by Revenue Act 1926, § 1106(a), 44 Stat. 113 (26 USCA § 1249).

At Law. Action by Aroline C. Gove against Malcolm E. Nichols, Collector of Internal Revenue. Judgment for plaintiff.

Everts, Berenson, Keenan & Aldridge, of Boston, Mass., for plaintiff.

J. M. Leinenkugel, Sp. Asst. U. S. Atty., of Washington, D. C., for defendant.

BREWSTER, District Judge. This is an action brought against a collector of internal revenue to recover an additional income tax assessed upon 1917 income, which tax was paid under protest. The case was presented upon an agreed statement of facts from which the following important dates appear:

April 1, 1918, date of filing tax return.

March 26, 1923, date of additional assessment.

April 3, 1923, date of first demand upon plaintiff for the additional tax.

March 10, 1924, date of payment of tax.

The agreed statement does not show whether any proceedings by distraint or otherwise were commenced by the defendant, but it is agreed that the payment "was made under duress and protest, in order to avoid the imposition of the penalties provided by law and the threatened seizure of the taxpayer's property by distraint." It thus appears that at the time the tax was first demanded the rights of the government to enforce the collection thereof by suit of distraint was barred by section 250 (d) of the Revenue Act of 1921 (Comp. St. § 6336⅛tt [d]), which provides that "no suit or proceeding for the collection of any such taxes due under this act or under prior income, excess profits, or war profits tax acts * * * shall be begun, after the expiration of five years after the date when such return was filed. * * *" Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676.

When the defendant threatened to seize

the plaintiff's property for the purpose of satisfying the tax, there was no warrant in law for any such threatened procedure. The payment was not voluntarily made, and the plaintiff was entitled to recover the sum unlawfully exacted. Gates v. Osborne, 9 Wall. 574, 19 L. Ed. 748; Philadelphia v. Diehl, 5 Wall. 731, 18 L. Ed. 614; Bend v. Hoyt, 13 Pet. 267, 10 L. Ed. 154; Kentucky Improvement Co. v. Slack, 100 U. S. 648, 25 L. Ed. 609; Swift & Courtney & Beecher Co. v. U. S., 111 U. S. 22, 4 S. Ct. 244, 28 L. Ed. 341.

In many of the cases cited the right is said to extend to taxes "illegally demanded," or "illegally exacted," as well as to taxes "illegally assessed." Philadelphia v. Diehl, supra; Bend v. Hoyt, supra.

Henry Wilhelm Co. v. Heiner (D. C.) 21 F.(2d) 463, is a case where the tax was lawfully assessed, but proceedings to collect were delayed beyond the period of limitation. In this case, the taxes having been paid under protest, the plaintiff was allowed to recover on the ground that the taxes were illegally collected, because the collection thereof was barred by the statute of limitations at the time the collection was made.

It is contended by the government that an act of Congress, passed after this suit was brought, has deprived the plaintiff of her right to recover. This act is section 1106 (a) of the Revenue Act of 1926 (44 Stat. 113 [26 USCA § 1249]), which provides that "the bar of the statute of limitations against the United States in respect of any internal revenue tax shall not only operate to bar the remedy, but shall extinguish the liability; but no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax."

The learned district attorney has argued that the provisions prohibiting a credit or refund unless the taxpayer has overpaid the tax operates to keep alive the taxpayer's liability, and if the tax was justly due, although paid under duress and protest, it cannot be recovered. I am unable to adopt this view. Such a construction would very seriously impair the effect and defeat the purposes of the statute.

In Thornhill Wagon Co. v. Noel (D. C.) 17 F.(2d) 407, the same question was presented and Judge Groner, in disposing of it, made the following observation:

"The conclusion reached by me as to this position is that section 1106 (a) is not susceptible of this construction. It does indeed provide that no refund shall be made except for overpayment, but this unquestionably was intended to apply to voluntary refunds by the Commissioner and to control the action of the executive departments in such respects. If the tax demanded, and to collect which the distraint was issued, is hereafter paid, and an action at law is begun for its recovery, such action will be against the collector, individually, and not against the United States (Sage v. United States, 250 U. S. 33, 37, 39 S. Ct. 415, 63 L. Ed. 828), and the repayment if recovery is had, will depend upon other applicable statutes."

Although the additional tax was assessed within the five-year period, the time within which the tax could be collected by distraint or proceedings in court having expired long before June 2, 1924, the effective date of the Revenue Act of 1924, such collection would not be authorized by the provisions of section 278 (d) of that act (26 USCA § 1061; Comp. St. § 6336⅙zz [5]) since subdivision (e) of the section (26 USCA § 1062; Comp. St. 6336⅙zz [5]) provides that the section shall not authorize a collection by proceedings in court if, at the time of the enactment of the act, such proceedings were barred by the period of limitation then in existence. See Citizens' Bank of Lafourche v. Miller-Link Lumber Co. (D. C.) 16 F.(2d) 163; Thornhill Wagon Co. v. Noel, supra; United States v. Crook (C. C. A.) 18 F.(2d) 449; United States v. Whyel (D. C.) 19 F.(2d) 260; Henry Wilhelm Co. v. Heiner, supra; In re McClure Co. (D. C.) 21 F.(2d) 538.

It follows, therefore, that at the time the plaintiff made the involuntary payment of the taxes, and at all times thereafter, the government was wholly without remedy to enforce the payment of the tax. As was said in Citizens' Bank of Lafourche v. Miller-Link Lumber Co., supra: "The claim [for tax] becomes to all intents and purposes extinguished after that time."

Defendant's motion for judgment in his favor is denied, and the plaintiff may recover according to her declaration.