Moss, Judge,
delivered the opinion of the court:
This is an action by the California Wine Association of New York, Inc., to recover $50,000 paid to the Government on June 19,1920, in compromise of penalties for violations of the internal-revenue laws on the ground that the specific statute and the regulations with which plaintiff was charged *15 with violating were not in force at the time the offenses were committed, but had been repealed several months prior thereto. Plaintiff was charged with forty-one separate and distinct acts, each of which constituted a violation of law under the revenue act of 1916 and Regulations 28, supplement 2, promulgated thereunder.
Proprietors of all “bonded premises” were required under said regulations to forward to the Bureau of Internal Revenue at the close of each month a sworn statement, on a certain prescribed form, known as Form 702, containing daily entries of business transacted during the month. Plaintiff conducted and maintained a bonded wine room which comes within the meaning of the term “ bonded premises.” During the months of October, November, and December, 1919, as the result of an investigation by the Commissioner of Internal Revenue, it was shown that forty-one sales of wines had not been delivered to the parties named in the monthly reports, but had been diverted to an illegal use. The punishment for such violation under the act of 1916 was a fine of not exceeding $5,000, or imprisonment for not more than five years, or both. Prior to the date of the compromise the Commissioner of Internal Revenue had refused to issue to plaintiff a permit required by section 6, Title II, of the national prohibition act, 41 Stat. 305, which provides as follows :
“ No permit shall be issued to any person who, within one year prior to the application therefor or issuance thereof, shall have violated * * * any.law of the United States * * * regulating traffic in liquor.”
This was the situation when the compromise in question was effected. The revenue act of 1916, 39 Stat. 756, was repealed by the act of 1918, 40 Stat. 1057. It is true that the offenses charged against plaintiff were committed after the repeal of the act of 1916; and it is plaintiff’s contention that inasmuch as the acts of which complaints were made were committed after the repeal of the act of 1916 there was no basis for a compromise, and no consideration for the payment of the $50,000. It appears, however, that the act of 1918 provides the same penalty for the offenses with which *16 plaintiff was charged as that provided in the act of 1916. Subdivision (f) of section 402 of the act of 1916 reads as follows:
“ That any person who shall evade or attempt to evade the tax imposed by this section, or any requirement of this section or regulation issued pursuant thereof, * * * shall, on conviction, be punished for each such offense by a fine of not exceeding $5,000, or imprisonment for not more than five years or both, * *
Section 620 of the revenue act of 1918 provides—
“ that whoever evades or attempts to evade any tax imposed by sections 611 to 615, both inclusive, or any requirement of sections 610 to 621, both inclusive, or regulation issued pursuant thereto, * * * shall, on conviction, be punished for each such offense by a fine of not exceeding $5,000, or imprisonment for not more than 5 years, or both, * *
The provisions contained in Regulations 28, supplement 2, promulgated under the act of 1916, were continued in effect under the act of 1918, by Treasury Decisions, 2788 and 2940, dated February 6, 1919, and October 29, 1919, respectively. Proprietors of bonded warehouses under the 1918 act, and the regulations thereunder, as under the act of 1916, and the regulations under same, were required to make a monthly report to the Internal Revenue Bureau showing the daily record of the business transacted. It was necessary to show the date of each shipment of wine, the name “and address of each consignee, the number and date of his permit, the quantity and alcoholic content of the wines, and the serial number of the packages contained in the shipment. Charges of making false entries in its records, carried into its sworn monthly statements, constituted the foundation of ■ the compromise. It should be noted that plaintiff energetically urged the settlement of its difficulties by a compromise of the penalties. Its permit to conduct its business had been denied, and while these charges existed a permit could not issue under the law. It was liable, under the law, for a total fine of $205,000, or imprisonment of not exceeding five years, or both, in each case. Its very existence was at stake. There was no denial of the charges. With *17 the payment of the agreed amount, $50,000, and acceptance of same by the Government, plaintiff’s permit was at once issued, and it was agreed that no criminal prosecution would be instituted; it was a closed transaction. Plaintiff received the full benefits resulting from the compromise, which it has ever since enjoyed, and now it is seeking to recover said sum from the Government on the sole ground that in the correspondence and negotiations concerning the charges against plaintiff, and the compromise of same, both plaintiff and the Government inadvertently made references to a statute, and to certain departmental regulations, which at the time of the commission of the offenses under discussion had been repealed, although superseded by another statute and other regulations in force and effect at the time the offenses were committed, containing the same provisions, and providing precisely the same punishment as the prior act.
The only question at issue between plaintiff and the Government at the time of the negotiations for a compromise was the amount which plaintiff should be required to pay in settlement of admitted violations of law. Neither party was concerned in the least with the incidental references occurring in the correspondence. Such references were in no real sense material. The facts were fully known and the charges were undenied. The payment was voluntarily made pursuant to an agreement authorized by section 3229 of the Revised Statutes providing for the compromise of any civil or criminal case arising under the internal-revenue laws, which statute was specifically invoked by plaintiff itself in urging upon the Commissioner of Internal Revenue his authority to accept a payment in compromise.
It is the opinion of the court that plaintiff is not entitled to recover back the money paid, and it is so ordered.
Graham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.