RASMUSSEN, Collector of Internal Revenue v. BROWNFIELD–CANTY CARPET CO.

Circuit Court of Appeals, Ninth Circuit. February 11, 1929.

No. 5300.

Wellington D. Rankin, U. S. Atty., of Helena, Mont., L. V. Ketter, Asst. U. S. Atty., of Sidney, Mont., and John Collins, Asst. U. S. Atty., of Dillon, Mont., for plaintiff in error.

Thomas J. Walker and C. S. Wagner, both of Butte, Mont., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). On the writ of error two questions are presented: First, whether on March 16, 1925, the distraint proceeding was barred by the internal revenue law of 1924 (43 Stat. 253); and, second, whether the answer, by alleging that the $1,000 which was offered in compromise was subsequently applied on the assessment for the year ending January 31, 1919, at the direction of the plaintiff, pleaded a voluntary payment, so as to bar recovery thereof.

Two income tax returns were filed by the plaintiff for the year ending January 31, 1919, a tentative return on March 15, 1919, and a complete return on June 16, 1919. The warrant of distraint was issued six years and one day after the first return was filed, and five years and nine months after the second return was filed. The defendant contends that the statute of limitations began to run from the latter date. The pleadings disclose the fact that the second or complete return was only an itemized statement explanatory of the facts set forth in the prior return, and exhibited no additional or further tax liability than was disclosed by the former. The defendant relies upon the decision on the Appeal of Dallas Brass & Copper Co., 3 B. T. A. 856, in which it was held, of the tentative return there involved, that for the reason that

it contained none of the information required by section 239 of the Revenue Act of 1918 (40 Stat. 1081), it must be regarded only as a request for an extension of time within which to file a return, and that the taxpayer could with no degree of propriety claim that the simple form used by it, which contained none of the information required by the statute, was a return which could start the running of the statute of limitations. To the same effect the defendant cites Appeal of Boston Hide & Leather Co., 5 B. T. A. 617. But the same board held on Appeal of National Refining Co., 1 B. T. A. 236, that the statute runs from the date of the original return.

After reviewing the statutes, the board said: "We cannot find in any of the acts any expressed language or implication that amended returns are contemplated or will be given any special significance." And the board quoted the ruling of the Solicitor that the filing of an amended return does not extend the date for the beginning of the running of the statute of limitations as outlined in section 250(d) of the 1921 act, but that the return referred to is the original return, with the exception that, where additional taxes are disclosed by an amended return, the return amounts to a limited waiver of the taxpayer to have such additional taxes determined, assessed, and collected within the five-year period, and the board held that the phrase "the return" has a definite article and a single subject, and therefore can only mean one return, the return contemplated by the act, citing National Refining Co. of Ohio, 1 B. T. A. 240, 241. In Thomas v. United States (D. C.) 22 F.(2d) 1000, it was said: "An amended return is an optional return, and it is thought that an optional return is not such a return as will furnish the beginning day for the running of the limitation statute." We agree with that construction of the meaning of the law.

The plaintiff contends that section 277(a) of the Revenue Act of 1924 (26 USCA § 1057, note) prescribes the statute of limitations here applicable, and that by that statute the right of the defendant to begin the distraint proceedings was barred. The defendant, on the other hand, denies that section 277(a) is applicable, and contends that the act of 1924, when properly construed, had the effect to extend the period of limitation to six years, as provided in section 278(d) of that act (26 USCA § 1061). The defendant cites United States v. Russell (C. C. A.) 22 F.(2d) 249, and In re McClure (D. C.) 21 F.(2d) 538.

In the first of those cases the assessment was made prior to the act of 1924, and a suit to collect was commenced against the taxpayer within six years from the date of the assessment. The court gave the act of 1924 a retroactive effect, saying: "There is an apparent conflict between sections 277(a) and 278(d) of the act of 1924. Section 277(a) provides that the assessment must be made, and a proceeding in court for the collection of the taxes must be begun, within five years after the return is filed, while section 278(d) gives an additional period of six years for the beginning of suit after the assessment of the tax. * * * In providing that the period of limitation of section 250(d) of the act of 1921 should apply to that and all prior acts, Congress expressly adopted the policy of making such statutes of limitation retroactive. Section 277(a)(2) is clearly retroactive, as it applies to the assessment in collection of taxes under prior acts. Considering the provisions of section 278(e), 26 USCA § 1062, that the said section shall not authorize the assessment of a tax, or its collection by distraint, or by a proceeding in court, if such assessment, distraint, or proceeding was barred by the period of limitation then in existence, in connection with the expressed repeal of section 250(d) of the act of 1921, which is included in title 2 of that act, the conclusion is easily reached that the limitations of sections 277(a) and 278(d) of the act of 1924 were intended to apply to all other cases, and the necessary implication is that the act is retroactive."

In the McClure Case the court held that the combined effect of sections 277(a) and 278(d) is to require an assessment to be made or a suit without an assessment to be filed within five years from the making of the return, and that, if an assessment is made within that time, a distraint, or a suit to enforce it, may be had within six years after the assessment. A similar conclusion was reached in Art Metal Works v. Commissioner of Internal Revenue, 9 B. T. A. 491. The board, overruling its prior decisions, held that, if collection was not barred at the time of the passage of the Revenue Act of 1924, the government is allowed six years after assessment within which to collect, even though assessment had been made prior to the act of 1924. In United States v. Crook (C. C. A.) 18 F.(2d) 449, controlling effect was given to the initial words of section 277, which are, "Except as provided in section 278," and the court pointed to the fact that 278(d) explicitly provides that, where the assessment of the tax is made within the period prescribed in

section 277, such tax may be collected by distraint, or by a proceeding in court begun within six years after the assessment of the tax. But the decision seems to have been expressly influenced by the fact that the assessment there in question was made after the passage of the Revenue Act of 1924, and was within the time prescribed by section 277(2) of that act.

■ Although the construction of the statute of 1924 is involved in doubt, we are inclined to the view that section 277(a), which takes the place of the prior statute of limitations and re-enacts its provisions, was intended to relate to existing assessments and proceedings to collect thereon. It adopts the prior law as to the time limit within which assessments shall be made and the time limit of proceeding in court to collect the tax imposed thereby, and we think that section 278(d) looks to the future and was intended to apply only to proceedings on assessments made subsequent to the effective date of the act. In providing that, whether the assessment is made within the period prescribed in either section 227 or section 278, the tax may be collected by distraint or by proceeding in court begun within six years after the assessment, a new period from which the new statute of limitations shall run is fixed, namely, the date of the assessment, instead of the date of the filing of the return. It is only by this construction that any effect can be given to section 277(a). Otherwise it is meaningless. And while section 278(e), in providing that section 278 "shall not affect any assessment made, or distraint, or proceeding in court begun before the enactment of this act," would by implication seem to make the act retroactive as to all proceedings subsequent to then existing assessments, its purpose was otherwise, as is shown by the proceedings had upon the passage of the bill.

A. W. Gregg, appearing as special assistant to the Secretary of the Treasury, stated before the Senate Committee on Finance, referring to section 278(e): "That is to keep this section from having any retroactive effect or to apply to things happening before its passage." Again he said: "That is to prevent the giving of any retroactive effect to the provision of this act. The taxes under prior acts stand on their own footing, and this applies only after the passage of this act." In United States v. Cabot, the Supreme Court of the District of Columbia, in a decision reported in the Federal Court Service of the Commerce Clearinghouse for 1926, p. 7603, reached the same conclusion

as to the meaning of the act of 1924, and such was the decision in United States v. Whyel (D. C.) 19 F.(2d) 260, Henry Wilhelm Co. v. Heiner (D. C.) 21 F.(2d) 463, and United States v. National Refining Co. (D. C.) 21 F.(2d) 464, note.

■ As to the second question, the complaint alleged that the plaintiff offered to the defendant, and paid to him in pursuance of said offer, $1,000 by way of compromise of the alleged liability incurred by the plaintiff, with the request that it be accepted as a compromise offer, and that a release be granted him from all liability on account of the additional assessments; that the offer was rejected, but the money was kept and retained by the defendant against the protest of the plaintiff; and that the defendant refused and still refuses to return the same. The answer made no denial of those allegations, but alleged that "by direction of the plaintiff" the money was applied upon the assessment for the year ending January 31, 1919. If, after handing the money to the defendant in an offer of compromise the latter refused the compromise and refused to return the money, and asserted the right to apply it upon the liabilities of the plaintiff under the provision of the Revenue Act, the plaintiff then designated the particular liability to which he preferred that the money be applied, his act was tantamount to a waiver of his protest, and a consent to the retention of the money by the defendant, and the payment was not made under duress, but was voluntary. Chesebrough v. United States, 192 U. S. 253, 24 S. Ct. 262, 48 L. Ed. 432; Fox v. Edwards (C. C. A.) 287 F. 669. The facts pleaded do not show that the plaintiff was entitled to a refund under the provisions of section 252 of the Act of 1921, 42 Stat. 268, but they show, under the statute of limitations prescribed in that section, a bar to his right to recover.

We think that he should have been denied recovery of the $1,000 and interest thereon, and the cause is remanded to the court below, with instructions to modify the judgment accordingly. In other respects the judgment is affirmed.

RUDKIN and DIETRICH, Circuit Judges (concurring). ■ If it be assumed that the period of limitations commenced to run on June 16, 1919, the date of the filing of the complete return, under the rule of Russell v. United States (decided by Supreme Court January 2, 1929) 49 S. Ct. 121, 73 L. Ed. ——, distraint proceedings were barred, and the collection of the tax was illegal, and

we therefore express no opinion upon the question whether the statute began to run upon the filing of the tentative return, March 15, 1919.