### NELSON–WIGGEN PIANO CO. v. UNITED STATES.

### No. 5523.

Circuit Court of Appeals, Seventh Circuit.
June 2, 1936.

J. S. Seidman, of New York City, for appellant.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Andrew D. Sharpe, and E. F. McMahon, Sp. Assts. to Atty. Gen., and Michael L. Igoe, U. S. Atty., of Chicago, Ill., for the United States.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellant sued to recover a payment of $10,384.37 for manufacturer's excise taxes imposed by the Revenue Act of 1924 on sales of coin-operated devices, alleged to have been wrongfully assessed and collected on automatic pianos. The Commissioner of Internal Revenue found that automatic pianos manufactured and sold by appellant were coin-operated de-

vices within section 600 (8) of the Revenue Act of 1924, 43 Stat. 322, which levies a tax upon "coin-operated devices, coin-operated machines, and devices and machines operated by any substitute for a coin." The District Court held for appellee, and this appeal followed.

The tax complained of was imposed by the collector upon sales of pianos between June 2, 1924, and February 25, 1926. It included penalties and interest. The tax itself was $8,629.84, and was paid in full on January 21, 1929. A claim for refund was denied by the Commissioner.

On January 24, 1929, after payment of the tax in full, appellant submitted its offer of $1,754.53 in compromise of a 25 per cent. penalty and 5 per cent. penalty and interest assessed, all aggregating $3,827.82, plus unassessed accrued interest. On April 4, 1929, the Commissioner, with the consent of the Secretary of the Treasury, accepted this offer and abated the unpaid balance. The assessment of interest had been levied under section 603 of the Revenue Act of 1924, 43 Stat. 324 (26 U.S.C.A. §§ 1121, 1122, 1126 and note), and the penalties under section 3176 of the Revised Statutes, as amended by Revenue Act 1924, § 1003 (26 U.S.C.A. § 1512 and note), which provide that penalties and interest shall be added to the tax and collected as a part thereof. Appellee insists that the judgment should be affirmed because, as it says, a voluntary compromise of penalties and interest, including a release from liability to pay tax, plus penalties and interest, constitutes full settlement of a single tax liability by the parties and precludes recovery of any amount paid.

▪ Under the acts of Congress mentioned, the interest and penalties are added to and become a part of the tax. They are constituent parts of one assessment, effecting a single liability, and are not merely an aggregation of separate items of indebtedness. Ely & Walker Dry Goods Co. v. United States, 34 F.(2d) 429 (C. C.A.8); Zemurray v. United States, 64 Ct.Cl. 657; California Wine Ass'n of N. Y. v. United States, 65 Ct.Cl. 7; Big Diamond Mills Co. v. United States, 51

F.(2d) 721 (C.C.A.8); Rasmussen v. Brownfield-Canty Carpet Co., 31 F.(2d) 89 (C.C.A.9); Walker v. Alamo Foods Co. (C.C.A.) 16 F.(2d) 694, 696, certiorari denied 274 U.S. 741, 47 S.Ct. 587, 71 L.Ed. 1320.

In Ely & Walker Dry Goods Co. v. United States, supra, the court held that a compromise of both principal and penalty was a bar to recovery of the tax paid. In Walker v. Alamo Foods Co., supra, the additional tax consisted of $342,000 plus penalty. The taxpayer offered and the government received $318,000 in "payment of all income and excess profits taxes and in compromise of all penalties and all civil and criminal liabilities." It was held that the taxpayer could not recover.

In Big Diamond Mills Co. v. United States, supra, upon which appellant relies, the court held the tax and interest to be one liability, and remarked that there was no authority to compromise the interest independently of the tax. The court held further, however, that if there were no tax due the compromise as to the interest falls. It is because of this holding that appellant insists the present compromise is not a bar.

▪ Here there was a bona fide dispute as to the validity of the assessment. This was paid, and appellant thereafter compromised the penalties and interest, a constituent part of the tax. Since tax, penalties, and interest are one co-ordinated liability, and there can be no penalty or interest unless there is a valid tax, a compromise of such penalty and interest is an admission of valid tax assessment and, under the rules governing compromises, must be a settlement of the entire single liability. Compromises are contracts of settlement, and the compromise of one aliquot part of a single disputed liability and payment of the balance in full is a settlement of all parts of such single liability. It binds both parties and precludes suit to recover.

In view of our conclusions it is unnecessary to notice other assignments of error.

The judgment of the District Court is affirmed.