Mr.-Justice GRIER
 

 delivered the opinion of the court.
 

 It is not easy to apprehend or appreciate the grounds upon which the complainant in- this case has invoked the did of a court of chancery.
 

 He purchased some.negroes from one Herbert, in 1836, to whom he gave two notes in payment. On one of these, suit was brought and a judgment obtained, which has beer paid and Satisfied. The other remains unpaid, but the complains at has been summoned as garnishee of Herbert in a suit by Warner and Harrison, in which a judgment has also been obtained, and an execution issued ; and he now asks the interposition of- a court of equity, not only to protect him from the judgment and execution, but also to restore to him that portion', of the consideration which has been recovered by due course of law.
 

 The reasons alleged for-this request áre, first, because the negroes purchased by him were brought into the State of Mississippi for sale contrary to the provisions of the constitution of the State; and therefore the contract was illegal and void. And,
 
 *142
 
 secondly, because he has been informed that the vender had not a good title to the negroes, but held them as guardian for his .infant Brothers and sisters, “ and ran them off to the State of Mississippi.” As the complainant..still retains the undisturbed possession of .the property without even a threat of molestation, this allegation would seem to have been inserted in the bill not as containing in itself different grounds for an injunction,, but rather to give, some plausibility to the charge of fraud and thus veil the naked deformity of his case.
 

 That a note, given for thé purchase of negroes brought into the State of Mississippi after 1833 (when the constitution was adopted), and. before 1837 (when the legislature imposed penalties to enforce the constitutional prohibition), was not void, has been decided .by this court in the case of Groves
 
 v-
 
 Slaughter;, 15 Peters, 449, and again at the present term in the case:of Rowan & Harris
 
 v.
 
 Runnels.
 

 • But even if the alleged-illegality of the contract would have constituted an available defence to the payment of note, it would be a strange abuse of the functions of a court of equity to grant an injunction against the recovery of a judgment at law, because a purchaser with a full knowledge of has defence had omitted or was ashamed to urge it.
 

 It may be stated as' a general principle, with regard to injunctions after a judgment at law, that any fact which proves it to be against conscience to execute such judgment, and of which the party could not have availed himself in a court of law, or of which he might have availed himself at .law, but was prevented by fraud or ■accident, unmixed with any fault or .negligence‘in himself or his agents, will authorize a court of equity to interfere by injunction to restrain the adverse party from availing himself of such judgment. See 2 Story’s Equity Jurisprudence, 887.
 

 It is too plain for argument that none of these conditions can be-predicated of the present case.
 

 The complainant has had the undisturbed enjoyment of his purchase, without challenge of its title, for ten years ; and it is with a bad' grace that he now invokes the aid of a court of equity to shield him from the payment of the consideration, on .the allegation that he had neglected to urge an unconscionable defence, or that he had heard that some persons unknown might possibly at some future time assert a claim to the property. It is in vain to- search the annals of equity jurisprudence, for a precedent of an injunction granted on such bald pretences.
 

 There is no power, the exercise of which is more delicate, which requires greater caution, deliberation, and sound, discretion, or more dangerous in a doubtful case, than the issuing an injunction, It is the strong arm of equity, that never ought to be extended, unless to cases of great injury, where courts of law cannot afford an adequate; and commensurate remedy in damages^ The right must
 
 *143
 
 be blear, the injury impending, and threatened so .as to be averted only by the protecting preventive process of injunction.” Baldwin’s Rep. 218. It never should be permitted to issue where it is even suspected that it will be prostituted to the unworthy purpose of delaying, vexing, and harassing suitors at law in the prosecution of their just demands. -
 

 Let die judgment of the Circuit Court be affirmed.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Circuit Court of the United States'for die Southern jDis4 trict of Mississippi, and was argued by counsel. On consideration whereof, .it is now here ordered and decreed by this court that the decree of the said Circuit Court, in this cause be and the,same.is hereby affirmed, with costs.