Fullerton agt. Taylor and others.

---

## SUPREME COURT.

### FULLERTON agt. TAYLOR AND OTHERS.

The first paragraph of § 274 of the Code, is qualified and restrained by the next clause of that section, to the entry of judgment for or against one or more of several defendants, "*whenever a several judgment may be proper.*"

The Code has not declared when such a judgment is proper. It is therfore to be settled by the former practice.

In an action against several defendants upon a *joint* contract—not joint and several, a several judgment can not be rendered for or against one of them only, where no personal defence or disability to contract exists on the part of such defendant.

*Oswego Special Term*, 1851. The plaintiff brought his action against three persons upon a joint contract for work, &c. The allegations of the complaint were denied by the answer. The referee to whom the cause was referred reported that the defendants were not indebted to the plaintiff; that the work was not done in pursuance of any contract made with the defendants, but that the

contract was made with and the work done for Elgin A. Taylor, one of the defendants, who was indebted to the plaintiff to a certain amount therefor. Upon this report the plaintiff entered judgment against Elgin A. Taylor for the amount reported due with costs. A motion is now made to set aside this judgment.

J. C. CHURCHILL, *for Defendants.*

S. BURTON, *for Plaintiff.*

W. F. ALLEN, Justice.—It is supposed by the counsel for the plaintiff, that the proceedings and judgment in this action are authorized by the first paragraph of § 274 of the Code of procedure. The language of that clause is quite general, but it is evidently qualified and restrained in its operation by the next clause of the same section, by which the authority to enter judgment for or against one or more of several defendants is confined to those cases " in *which a several judgment may be proper.*" This qualification and limitation was deliberately added as an amendment to the section as originally reported and adopted, and could have been designed for no purpose other than to restrain and qualify the general terms of the original section, and to declare by a very clear intimation that there were cases in which a judgment for or against one or more of several defendants, was not proper. The section so far as it bears upon this question should be construed and read as if the two first paragraphs were incorporated into one; that is, as authorizing a judgment for or against one or more of several defendants, " *whenever a several judgment may be proper.*" The Code has not declared when such a judgment is proper, and we are therefore referred to the former well established practice to decide that question. The cases in which such judgment was proper are familiar to the profession. They embraced actions of tort and actions upon contract in which one or more of several defendants established a personal defence as infancy, bankruptcy, or the like; also actions against the several parties to a promissory note or bill of exchange, brought under the act of 1832. Perhaps, also, this class of cases might, under the Code, be held to include actions upon any contract, joint and

Fullerton agt. Taylor and others.

several by its terms, and which the plaintiff might have treated as joint or several, and brought his action against one or all of the contracting parties, at his election.

I can not think that in an action upon a contract joint and not joint and several, and where no personal defence or disability to contract exists on the part of one or more of the defendants, a several judgment may be given against one only of several defendants, the plaintiff failing to establish a joint contract as alleged in his complaint.

A different construction would to some extent conflict with section 171 of the Code, providing for a failure to prove an allegation of the cause of action in its entire scope and meaning. The court might under § 173 allow the name of a party to be stricken out, and in a proper case would do so; but it would be upon such terms as would abundantly and certainly protect the rights of the defendants. If the amendment was allowed after issue it might be proper to permit a new answer to be interposed, if after trial, a new trial might be necessary (Russell agt. Spear, 5 *How.* 142).

To allow the practice adopted in this case might seriously endanger the rights of defendants. If any one of half a dozen plaintiffs upon proving a several cause of action against any one of a like number of defendants of the same general character as that alleged as a joint cause of action against all the defendants, it might be impossible to know in advance of the trial, with any certainty, what cause of action would be tried. Indeed, in such a case, upon the construction claimed I see no reason why one of such plaintiffs might not recover against one of the defendants upon a joint cause of action existing against him and a third person, not a party to the suit; for it would never occur to him to set up in such joint action the nonjoinder of such third person as a party defendant and if the defect of parties is not alleged either by demurrer or answer, it is waived (*Code*, § 144, 147, 148).

It is true he might avoid a judgment at some expense and trouble by proving to the satisfaction of the court that he had been misled (*Code*, § 169).

If a practice of this kind is to be tolerated, all the witnesses for the defence may be effectually excluded by being made parties, and with slight evidence to charge them they must remain parties to the record until the whole cause as to all the defendants has been submitted to and passed upon by the jury. While parties they can not be improved as witnesses except to a limited extent (Selkirk agt. Waters, 5 *How.* 296; Munson agt. Hagerman, *id.* 223), and after verdict it is too late to use them. Again, one defendant may have a set off against any several demand of the plaintiff against him; but in a joint action against him and others, he can not plead it or give it in evidence (2 *R. S.* 354, § 18); and thus under the liberal practice supposed to have been provided by the Code, substantial rights may be lost.

I am not aware of any serious evils resulting from the former practice and rules of procedure in cases like the present which called for so radical a change of the law, or now requires from the courts the construction urged, unless it is clearly called for by the words of the statute. Plaintiffs must generally, if not in all cases, be able with reasonable diligence to decide in whom the legal right of action exists, and if not, the Code provides for amendments upon application to the court, to meet the difficulty. So in case of defendants, if too few are joined and the objection is not taken it is waived; if taken it may be obviated by an amendment. If too many are joined as defendants a like power of amendmend is vested in the court. But the proceedings must be amended by the court. The defect can not be disregarded at the trial. The court or referee can only try the issues joined between the parties to the record. The point has not, to my knowledge, been directly decided; but the following decisions bear more or less directly upon it: Merrifield agt. Cooley, 4 *How.* 272; Russell vs. Spear and Selkirk vs. Waters, cited above; La Farge vs. Chelson, 3 *Sandf.* 752.

The counsel for the plaintiff relied somewhat upon the note of the commissioners upon pleadings and practice to the section as originally reported by them. It is a sufficient answer to say that although the legislature adopted the section originally as reported

(*Code of* 1848, § 230) the very next legislature modified it in the very essential particulars before suggested, and in so doing refused to sanction the change which it would seem the commissioners recommended.

Again, the circumstances under which the first Code was enacted, is matter of history and it may perhaps be said with justice to the legislature, and without disrespect to the commissioners, that in enacting the Code the legislature did not necessarily enter into all the views or adopt the reasons or constructions of its framers, and that very little reliable aid can be had in construing doubtful provisions by a resort to their report.

The report of the referee is, I think, substantially for the defendants, and that the last part of it may be disregarded as surplussage, the fact reported not being within the issue referred to him.

The motion must be granted with $10 costs as part of the costs of the action.