## SOUTHERN PACIFIC CO. v. WESTERN PACIFIC CALIFORNIA R. CO.

No. 6226.

Circuit Court of Appeals, Ninth Circuit.
Feb. 9, 1931.

Rehearing Denied March 16, 1931.

C. O. Amonette, H. C. Booth, and C. W. Durbrow, all of San Francisco, Cal. (Guy V. Shoup, of San Francisco, Cal., of counsel), for appellant.

F. M. Angellotti, A. S. Hutchinson, and H. P. Tyler, all of San Francisco, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

PER CURIAM.

July 10, 1928, the Western Pacific California Railroad Company was organized as a corporation under the laws of the state of California for the purpose, among others, of constructing and operating a standard gauge line of railroad commencing at a point in the city and county of San Francisco and extending thence in a general southerly direction to and beyond Redwood City, in San Mateo county, Cal., the purpose of the construction being to enable the company to carry freight and other traffic for hire as a common carrier from and to points on the line of the proposed road between its termini. The Western Pacific Company applied to the Interstate Commerce Commission for a certificate of necessity authorizing the construction of the road, as required by the Transportation Act of 1920 (49 USCA § 1, par. 18), and that application was still pending at the time of the final hearing in the court below.

The Southern Pacific Company is a corporation organized under the laws of the state of Kentucky, and has for many years last past operated as owner, or lessee, a line of railroad extending from the city of San Francisco in a southerly direction to and beyond Redwood City, Cal. The latter company is also a common carrier organized for the purpose of transporting persons and property in interstate and intrastate commerce for hire. The existing line of the Southern Pacific parallels the proposed line of the Western Pacific throughout its entire length; the two lines being approximately one-half mile apart. On March 23, 1929, the Southern Pacific Company commenced the construction of a railroad track, or spur, across the proposed line of the Western Pacific at a point near the limits of the city of San Mateo. This proposed line is to be about 8,200 feet in length, and will extend from the main line in an easterly direction towards San Francisco Bay.

Paragraph 18 of section 1, supra, provides that no carrier subject to the act shall undertake the extension of its line of railroad, or the construction of a new line of railroad, or shall acquire or operate any line of railroad, or extension thereof, or shall engage in transportation under the act, over or by means of such additional line of railroad, unless and until there shall first have been obtained from the Interstate Commerce Commission a certificate that the present or future public convenience and necessity require, or will require, the construction or operation, or construction and operation, of such additional or extended line. Paragraph 20 of the same section provides that any construction or operation contrary to the provisions of paragraph 18 may be enjoined by any court of competent jurisdiction at the suit of the United States, the Commission, any commission or regulating body of the

state or states affected, or any party in interest. Paragraph 22 of the same section provides that the authority conferred on the Commission by paragraph 18 shall not extend to the construction or abandonment of spur, industrial, team, switching, or side tracks, located or to be located wholly within one state, or of street, suburban, or interurban electric railways, which are not operated as a part or parts of a general steam railroad system of transportation.

The present suit was instituted by the Western Pacific Company against the Southern Pacific Company to enjoin the construction of the contemplated track by the Southern Pacific on the ground that the latter company had not obtained a certificate of necessity from the Interstate Commerce Commission, as required by paragraph 18, supra. From a final decree granting a permanent injunction, the Southern Pacific Company has appealed. Two questions are presented for consideration: First, is the Western Pacific Company a party in interest within the meaning of paragraph 20; and, second, is the 8,-200-foot track contemplated by the appellant an extension within the meaning of paragraph 18, or is it a spur or industrial track within the meaning of paragraph 22?

As appears from the foregoing statement, the appellee has been organized as a corporation, has projected a line of railroad, and has applied to the Interstate Commerce Commission for a certificate of necessity. On these facts, without more, without a railroad, without a right of way, and without traffic to protect, it sought a permanent injunction enjoining the appellant from building a spur track, or extending its line, as the case may be. Such showing will not, in our opinion, support or justify an injunction such as was granted here.

"There is no power, the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case, than the issuing an injunction. It is the strong arm of equity, that never ought to be extended, unless to cases of great injury, where courts of law cannot afford an adequate and commensurate remedy in damages. The right must be clear, the injury impending, and threatened so as to be averted only by the protecting preventive process of the injunction." Truly v. Wanzer, 5 How. 141, 142, 12 L. Ed. 88.

"The complainant must establish a clear legal right, not doubtful, nor uncertain, and the injury threatened must be of a permanent and irreparable character. Where the complainant's title is doubtful, equity will not relieve by injunction. * * * It is the duty of the court when an injunction bill has been filed to inquire and ascertain whether the individual or corporation seeking the relief has a clear legal right to the use, occupation, or enjoyment of the property or right, the invasion of which is sought to be enjoined. These are elementary principles in a proceeding in equity. The complainant must rely on the strength of his own title, or other legal right, and not on the weakness of the title or legal right asserted by the respondent."

Again: "The appellant is seeking equitable relief, and has the burden of establishing a clear legal right to the use and occupation of the streets and the possession of the rights of way in dispute. It has failed to show that it has any valid or existing ordinances giving it the right to the use of the streets in question, nor has it proven title to the disputed rights of way, and it necessarily follows that the clear legal right necessary to sustain this proceeding has not been established." Myersdale & S. St. Ry. Co. v. Pennsylvania & M. St. Ry. Co., 219 Pa. 558, 69 A. 92, 94, 95.

"An injunction will not issue to protect a right not in esse and which may never arise, or to restrain an act which does not give rise to a cause of action, or to prevent the perpetration of an act prohibited by statute in favor of one who urges as his only ground for relief the diminution of the profits of a trade or business pursued by complainant in common with others.

"Where complainant's right is doubtful or his title is in dispute, a perpetual injunction cannot be obtained until the doubt is removed by a proper proceeding and the right made certain, the only proper relief which may be granted in such cases being a temporary injunction maintaining the status quo until the right or title in question is established. A permanent injunction should not be awarded except in a clear case and to prevent irreparable injury." 32 C. J. 35, 36.

Under these authorities and many others that might be cited, it was error to grant a permanent injunction on the facts before the court. Had the application of the appellee for a certificate of necessity been finally denied by the Interstate Commerce Commission before the suit was instituted, or before final decree, the error would seem apparent, because in that event the appellant would have

been restrained from constructing a spur track, or extending its line, at the suit of an utter stranger without the slightest interest in the pending controversy. Had the application been denied pending the appeal, the error would seem equally apparent; and the fact that the application has since been granted, if such be the fact, does not change the nature of the appellee's right or title at the time the final decree was entered. For this error, the decree must be reversed.

In view of this conclusion, we deem it unnecessary, if not improper, to consider the doubtful and perplexing question whether the line contemplated by the appellant is a spur or industrial track, wholly within a state and within the exclusive jurisdiction of the state commission, or whether it is an extension requiring the approval of the Interstate Commerce Commission.

Reversed and remanded.