**MERKEL, Inc., v. RASQUIN.**
No. 7720.

District Court, E. D. New York.
Sept. 5, 1935.

216

Gleason, McLanahan, Merritt & Ingraham, of New York City (Walter Gordon Merritt, Walter K. Bennett, and Franklin P. Ferguson, all of New York City, of counsel), for the motion.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Frederic G. Rita, Sp. Asst. to Atty. Gen., and Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), opposed.

CAMPBELL, District Judge.

This is a motion for a preliminary injunction, effecting a like restraint during the pendency of this action, as prayed for in the bill of complaint with reference to a permanent injunction.

The plaintiff, a New York corporation, having its principal place of business in the borough of Queens, in the city, state, and Eastern district of New York, on August 22, 1935, brought this action for a permanent injunction restraining the defendant, the collector of internal revenue for the First (collection) district of New York, from assessing or collecting from the plaintiff any processing tax or taxes, pursuant to the Act of May 12, 1933, c. 25 (48 Stat. 31, as amended, title 7, §§ 601–620, U. S. Code [7 USCA §§ 601–620]), commonly known as the Agricultural Adjustment Act.

After argument of this motion, and at the time when its brief was presented, the plaintiff filed an amended bill of complaint.

That amended bill of complaint is not before me and cannot, and will not, be considered by me on this motion, which is based solely on the original bill of complaint and the affidavit of Herman A. Lauer, verified August 21, 1935, on which the order to show cause was granted.

Plaintiff by letter accompanying its brief has asked leave to withdraw this motion, presumably to allow it to move on the amended bill of complaint and a new affidavit or affidavits.

The defendant objects to the plaintiff being allowed to withdraw this motion, and asks as of right for a decision of this motion, and I believe that the defendant is entitled to have this motion decided.

This is not a trial, nor is it a motion to dismiss, nor could it be, in view of the filing of the amended bill of complaint, which is not before this court for consideration at this time, the court simply knowing that an amended bill of complaint has been filed.

Therefore the only question now before this court is, Do the facts alleged in the original bill of complaint and the affidavit of Herman A. Lauer, on which this motion is made, justify the issuance of an order enjoining and restraining the collector during the pendency of this action from collecting the tax?

The plaintiff in its original bill of complaint alleges, in substance, that it is "engaged in the meat packing business, that is

to say, the purchasing, slaughtering and packing of hogs, and the conversion thereof into various types of packed, canned and cooked meats. * * *"

That as a result of certain determinations and orders of the Secretary of Agriculture, the processing tax for which the act provides has been imposed upon hogs.

That under the act and these determinations and orders of the Secretary, a processing tax for the month of June, 1935, in the sum of $4,187.27 has been assessed by the Commissioner of Internal Revenue against plaintiff, and that by various proceedings the collector, unless restrained, will in a short time collect the amount of the tax, together with the penalty and interest, for which the statute provides.

The plaintiff further alleges, in substance, that it cannot pay this tax without suffering a depletion of its cash assets, which will preclude its continuing in business; that many of its competitors have obtained orders restraining the collection of the tax, and thereby are enabled to undersell plaintiff in the market; and that "there is pending before the President awaiting his signature" certain amendments to the act which constitute a menace that the right of a taxpayer to sue for a refund of a tax unlawfully imposed will be withdrawn from payers of the processing tax.

The plaintiff's complaint is based on the claim that processing tax provisions of the Agricultural Adjustment Act are unconstitutional and void.

Plaintiff predicates its claim for injunctive relief (1) on the nullity of the statutory provision imposing the tax, (2) the hardship which plaintiff will suffer if required to pay the taxes assessed under this statute, (3) the alleged menace that its right to recover by an action at law will be lost by the amendment of the statute alleged to be imminent.

On the argument of this motion it was conceded on behalf of the defendant, and I will assume, but do not so find, that the prohibition against the maintenance of suit was no broader than section 3224 of the Revised Statutes (Title 26, § 154, U. S. Code, 26 USCA § 154, see 26 USCA § 1543) which reads as follows: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

This section of the Revised Statutes has been sustained. Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965; Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816; Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557; Dodge v. Brady, 240 U. S. 122, 36 S. Ct. 277, 60 L. Ed. 560; Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901; Cheatham v. United States, 92 U. S. 85, 23 L. Ed. 561; State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663.

The only exception to the rule laid down in section 3224 is where plaintiff can show, in addition to an illegal action in the guise of a tax, exceptional and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence. Dodge v. Brady, supra.

This brings us to a consideration of what plaintiff has alleged as exceptional and extraordinary circumstances that would make the provisions of section 3224 inapplicable, and I will first consider its claim of the alleged menace that its right to recover by an action at law would be lost by the amendment of the statute alleged to be imminent.

The plaintiff at the time the bill was filed had a clear, complete, and adequate remedy at law by suit for refund. It could have paid the tax under protest and maintained a suit for a refund. R. S. 3226, as amended in 1932, title 26, § 156, U. S. C., 26 USCA § 156 (see 26 USCA §§ 1672–1673); Cohen v. Durning, 11 F. Supp. 824 (D. C. S. D. N. Y.), opinion of Hulbert, D. J., August 16, 1935.

At the time the bill was filed, no amendment along the lines alleged had been enacted; what was alleged was the pendency of an act which has been passed by Congress, and was before the President awaiting signature, amendatory of the Agricultural Adjustment Act, by which it was proposed to withdraw the right to sue, which would result in an irreparable injury.

Did the situation alleged constitute such a threat as affords the basis for invoking equitable relief?

In Truly v. Wanzer, 5 How. 141, at page 142, 12 L. Ed. 88, the Supreme Court said: "There is no power, the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case, than

the issuing an injunction. It is the strong arm of equity, that never ought to be extended, unless to cases of great injury, where courts of law cannot afford an adequate and commensurate remedy in damages. The right must be clear, the injury impending, and threatened so as to be averted only by the protecting preventive process of injunction."

In Genet v. President, etc., of Delaware & H. Canal Co., 122 N. Y. 505, at page 529, 25 N. E. 922, 926, the Court of Appeals of the state of New York said: "Injury material and actual, not fanciful or theoretical, or merely possible, must be shown as the necessary or probable result of the action sought to be restrained."

In German Evangelical Luthern Church v. Maschop, 10 N. J. Eq. 57, at page 62, the Chancery Court of New Jersey said: "The court cannot grant an injunction to allay the fears and apprehensions of individuals; they must show the court that the acts against which they ask protection are not only threatened, but will, in probability, be committed to their injury."

It seems to me that the legislative act, the passage of which was the alleged menace, was the act in the form in which it had been proposed prior to August 12, 1935, when in so far as refunds are concerned, it was changed into the form in which it was passed, and was approved on August 24, 1935 (7 USCA § 602 et seq.), which is not the form alleged in the bill of complaint.

That change occurred prior to the filing of the bill of which plaintiff's representatives evidently had no knowledge, and even if that were not so, no injury was threatened the plaintiff by the defendant for which plaintiff did not have an adequate remedy at law.

As I understand plaintiff's position, the United States of America is not a necessary party to this action, and it does not seem to me that a threatened act of Congress gave a right to equitable relief against the defendant.

In Untermyer v. Anderson, 276 U. S. 440, at page 446, 48 S. Ct. 353, 354, 72 L. Ed. 645, the Supreme Court, by Mr. Justice McReynolds, writing the opinion, said: "The future of every bill while before Congress is necessarily uncertain. The will of the lawmakers is not definitely expressed until final action thereon has been taken."

In Fisher Flouring Mills Co. v. Vierhus, 78 F.(2d) 889, the Circuit Court of Appeals for the Ninth Circuit, in an opinion rendered August 15, 1935, said: "It would be a strange procedure for a court of chancery to measure the adequacy of a remedy at law, not by what the law is at the time the equity suit is filed, but by certain nebulous conjectures of what the law may be at some future time. 'Jurisdiction is determined as of the time the suit was commenced.' Pacific Telephone & Telegraph Co. v. City of Seattle (D. C.) 14 F.(2d) 877, 879. 'Equity acts in the present tense.' Continental Securities Co. v. Interborough Rapid Transit Co. (D. C.) 207 F. 467, 471, affirmed 221 F. 44 (C. C. A. 2). The appellants had at the time of the commencement of these suits, and still have, a plain, adequate and complete remedy at law. They can pay the tax and sue to recover at law. Equity is not to be frightened into assuming jurisdiction by the bugaboo of dire prophecies of what the law may be in the future. 'To grant an injunction in anticipation of a possible injury to arise under a law that may never be passed, is, to say the least, unusual."

See Molson v. Montreal, 23 L. C. Jur. 169; Roudanez v. Mayor, etc., of New Orleans, 29 La. Ann. 271, 272.

As to the constitutionality of the requirement of the statute as finally enacted, not as alleged, that plaintiff in order to recover the payment of the tax under the act here involved must show that it has borne the burden of the tax and has not passed it on to the ultimate consumer, see United States v. Jefferson Electric Mfg. Co., 291 U. S. 386, 401–403, 54 S. Ct. 443, 78 L. Ed. 859.

The alleged hardships which plaintiff will suffer if required to pay the taxes assessed under this statute are in some respects more imaginary than real.

That plaintiff may not be able to continue its business profitably, if it is compelled to pay the tax, furnishes no ground for relief from payment of the tax.

That might be urged as a reason by most people for relief from various forms of taxation, but there has not been cited, nor have I found any authority for relief from taxation on that ground. Uniformity among those in the same class, not special favor to some, should be the rule in levying, assessing, and collecting taxes.

And this contention seems to me to be entirely disposed of by the fact that plaintiff must have been willing and able to pay the amount of the tax into court, or give security, when it applied for the temporary injunction herein, as under the Clayton Act (38 Stat. 730) no such injunction could be issued without security being given.

·The contention made by plaintiff, that others have been relieved from the payment of the tax, thereby imposing a disadvantage upon the plaintiff at bar, finds no support. The only stays granted in this district are three in number, and have been granted by me, and they were stays pending the hearing of motions for injunction pendente lite, and not on granting any such injunction, and the plaintiff in each of those cases has been required to pay in cash, into the registry of this court, a sum greater than the face amount of the tax.

None of these were granted to plaintiffs who were in the meat packing business, but were to plaintiffs in the three separate following lines of business, to wit, jute, yarn, and twine, purchasing tobacco and manufacturing it into cigars and smoking and chewing tobacco, and rope, twine, cotton bagging, and products in cotton.

I am at a loss to understand how any one who has paid the amount of the tax into court could by reason thereof undersell the plaintiff herein.

The reasons alleged by plaintiff in its original bill and moving papers are not sufficient to show extraordinary circumstances, sufficient to bring this case within some acknowledged head of equity jurisprudence.

Much of plaintiff's brief is devoted to showing in what respects it contends the act in question to be unconstitutional; but having found that extraordinary and exceptional circumstances have not been shown, sufficient to make the provisions of section 3224 of the Revised Statutes inapplicable, the averment of unconstitutionality alone does not take the case out of said section 3224 of the Revised Statutes.

In Bailey v. George, 259 U. S. 16, at page 20, 42 S. Ct. 419, 66 L. Ed. 816, the Supreme Court, Chief Justice Taft writing the opinion, held that it was error to enjoin the collector of internal revenue from collecting taxes assessed under the Federal Child Labor Tax Law, and said: "The averment that a taxing statute is unconstitutional does not take this case out of the section. [Rev. St. § 3224 (26 USCA § 1543).] There must be some extraordinary and exceptional circumstance not here averred or shown to make the provisions of the section inapplicable. Dodge v. Brady, 240 U. S. 122, 126, 36 S. Ct. 277, 60 L. Ed. 560. In spite of their averment, the complainants did not exhaust all their legal remedies. They might have paid the amount assessed under protest and then brought suit against the collector to recover the amount paid with interest. No fact is alleged which would prevent them from availing themselves of this form of remedy."

We must not lose sight of the fact that the decision in Bailey v. George, supra, was rendered on the same day that the Supreme Court, in Bailey v. Drexel Furniture Co., 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817, 21 A. L. R. 1432, Chief Justice Taft writing the opinion, held the Child Labor Tax Law unconstitutional on the ground that it was not a true exercise of the taxing power, but a penal measure designed to enforce federal regulation of matters beyond the constitutional powers of the federal government.

In Dodge v. Osborn, supra, and in Snyder v. Marks, supra, the Supreme Court held that section 3224 prohibits the issuance of an injunction against a collector, even though the tax which he was about to collect was alleged to be unconstitutional.

Plaintiff cites in support of its application Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822, and Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260, 76 L. Ed. 422, and there are two other cases which have frequently been cited in support of the right of the court to enjoin in tax cases (Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, and Regal Drug Corporation v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318), but all of these cases except Miller v. Standard Nut Margarine Co., supra, were disposed of in the following comment of the Supreme Court, in its unanimous opinion in Graham v. Du Pont, 262 U. S. 234, at pages 257, 258, 43 S. Ct. 567, 569, 67 L. Ed. 965, in which Chief Justice Taft said:

"The cases complainant's counsel rely on do not apply. The cases of Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, and Regal Drug Corporation v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318, were not cases of enjoining taxes at all. They were illegal penalties in the

220

nature of punishment for a criminal offense. * * *

"Hill v. Wallace should, in fact, be classed with Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, as a penalty in the form of a tax."

In Miller v. Standard Nut Margarine Co., supra, the injunction was sought, not on the ground that the statute authorizing a tax was unconstitutional, but that the levy was not authorized by the terms of the act itself; and the court, in its opinion, by Mr. Justice Butler, said, 284 U. S. 498, at page 510, 52 S. Ct. 260, 263, 76 L. Ed. 422: "This is not a case in which the injunction is sought upon the mere ground of illegality because of error in the amount of the tax. The article is not covered by the act. A valid oleomargarine tax could by no legal possibility have been assessed against respondent, and therefore the reasons underlying § 3224 apply, if at all, with little force. Le Roy v. East Saginaw City Ry. Co., 18 Mich. 233, 238, 239, 100 Am. Dec. 162; Kissinger v. Bean, Fed. Cas. No. 7,853. Respondent commenced business after the product it proposed to make had repeatedly been determined by the Commissioner and adjudged in courts not to be oleomargarine or taxable under the act and upon the assurance from the Bureau that its product would not be taxed."

And on page 511 of 284 U. S., 52 S. Ct. 260, 264, 76 L. Ed. 422, said: "It is clear that, by reason of the special and extraordinary facts and circumstances, section 3224 does not apply."

Plaintiff urges that the impost contemplated by the statute, Agricultural Adjustment Act, is not in fact a tax.

This it seems to me is simply another way of stating its claim, that the statute imposing the tax is unconstitutional and does not furnish a ground for the issuance of an injunction contrary to the provisions of section 3224, Revised Statutes, as that was the very ground on which the Child Labor Tax Law (40 Stat. 1138) was held unconstitutional, in Bailey v. Drexel Furniture Co., supra, and yet on the same day the Supreme Court, in Bailey v. George, supra, held that it was error for the lower court to enjoin the collector of internal revenue from collecting taxes assessed under the Federal Child Labor Tax Law. See, also, Phillips v. Commissioner of Internal Revenue, 283 U. S. 589, 595, 596, 51 S. Ct. 608, 75 L. Ed. 1289.

The motion is denied, but as the plaintiff has filed an amended complaint, which has not been considered on this motion, such denial is without prejudice to such other motion, to be made at the motion term of this court, as plaintiff may be entitled to make, if any, for a preliminary injunction, pending the trial of this action, based on the amended complaint and further affidavits in support thereof.