WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. ASSOCIATED TRUCK LINES, Inc.

Civil Action No. 280.

District Court, W. D. Michigan, S. D.

Nov. 8, 1944.

Charles A. Reynard, of Cleveland, Ohio, and Irving J. Levy and George E. Duemler, U. S. Department of Labor, both of Washington, D. C., for plaintiff.

Warner, Norcross & Judd, of Grand Rapids, Mich., for defendants.

RAYMOND, District Judge.

The findings of fact and conclusions of law filed herewith obviate necessity for extended opinion. The case is presented upon stipulated facts. The dispute concerns inferences logically deducible therefrom.

The primary issue is whether or not plaintiff has sustained the burden of proof to establish such lack of good faith as to justify issuance of the writ of injunction against violation of section 15(a) (2) and (5) of the Fair Labor Standards Act, 29 U.S.C.A. § 215(a) (2, 5), as prayed in the complaint.

Paragraph 5 of Section V of the stipulation of facts reads:

"Defendant now states that it is complying with the Fair Labor Standards Act, and that it believes that it has remedied all past violations, and that it has no knowledge of any present violations, and does not intend to violate the Act in the future. Plaintiff maintains that the position of defendant expressed in section 5 hereof is immaterial. Plaintiff does not deny such belief on the part of the defendant and offers no evidence in contradiction thereto."

The rule is well settled that the extraordinary writ of injunction will not issue for the purpose of punishing past offenses, but will issue only in those cases where the court is convinced that such relief is necessary to prevent future violations. The record, fairly considered, does not establish that defendant intends to resume violations. The necessary inference from the stipulation is that defendant has no such intention and that proof was not available to establish such intention. It is clear from the stipulation that defendant has violated the act and that the violations continued after the commencement of suit. These facts, however, considered in connection with the portion of the stipulation above quoted, do not establish such a degree of contumacy as to indicate that defendant harbors a secret intent to disobey the law in the future. The case is not one where, after repeated warnings by the administrator prior to suit, the defendant continues violations until long after the commencement of suit, or in which there is proof of expressions of determination not to obey the law except as a last resort. Such facts, if established, might turn the balance to prove such degree of bad faith as to justify the writ.

The foregoing views accord with the weight of authority. In the recent case of Lenroot v. Interstate Bakeries Corp., D. C., 55 F.Supp. 234, Judge Reeves expresses views pertinent to the instant case. After discussing the case of Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, he said [55 F. Supp. 237]:

"The entire opinion teems with intimations that since the officers of the petitioner acted in good faith there would be no virtue in granting an injunction. Moreover, an injunction is an extraordinary and radical remedy. The Supreme Court of the United States, in Truly v. Wanzer et al., 46 U.S. 141, loc. cit. 142, 143, 5 How. 141, 12 L.Ed. 88, said, in reference to granting an injunction:

"'There is no power the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case, than the issuing an injunction. It is the strong arm of equity, that never ought to be extended, unless to cases of great injury, where courts of law cannot afford an adequate and commensurate remedy in damages. The right must be clear, the injury impending, and threatened so as to be averted only by the protecting preventive process of injunction.'

"In the more recent case of Packard Paper Box Co. et al. v. O. B. Andrews Co., 1 Cir., 67 F.2d 783, loc.cit. 784, the court said:

"'While the granting or withholding of a preliminary injunction rests largely in the discretion of the trial judge, it is well settled that ordinarily it ought not to be granted unless the plaintiff's probable right to relief appears clear. * * * The mere fact that the grant of an injunction will

occasion less harm to the defendant than the refusal of it will occasion to the plaintiff, while of course a circumstance to be considered, is by no means decisive, as was expressly held in International Register Co. v. Recording Fare Register Co., 2 Cir., 151 F. 199, 202.'

"The District Judge of the District of Montana, in Great Northern R. Co. v. Local Great Falls Lodge of I. A. of M. [D. C.], 283 F. 557, loc.cit. 563, epitomized the law when he said:

" 'Injunctions go only in cases of urgent necessity, made to appear by competent, material, credible, and preponderating evidence, to guard against injuries, not merely feared by the applicant, but reasonably to be apprehended, and likely to be irreparable. They are extraordinary remedies, granted with great caution, and in the exercise of sound judicial discretion.' "

See also Walling v. Gulf States Paper Corp., 5 Cir., 143 F.2d 301, Walling v. Florida Hardware Co., 5 Cir., 142 F.2d 444; Walling v Fairmont Creamery Co., 8 Cir. 139 F.2d 318; Walling v. Shenandoah-Dives Mining Co., 10 Cir., 134 F.2d 395; Walling v. T. Buettner & Co., 7 Cir., 133 F.2d 306; Bowles v Minish, D.C., 56 F. Supp. 153; Brown v. J. C. Penney Co., D. C., 54 F.Supp. 488.

An order will be entered dismissing the complaint.