Frederic C. JAMES, E. McRay Miller, and Booker T. Williams, Plaintiffs,

v.

The CARNEGIE PUBLIC LIBRARY, a public body corporate, Julian Buxton, Chairman of the Board of Trustees of the Carnegie Public Library, Isaac Sanders, Mrs. Richard Baker, Mrs. H. E. Drevenstedt, George A. James, Raymond Schwartz, and Mrs. Alice Leavell, Members of the Board of Trustees of the Carnegie Public Library, and Chapman J. Milling, Jr., Librarian of the Carnegie Public Library, Defendants.

Civ. A. No. AC–1163.

United States District Court
E. D. South Carolina,
Columbia Division.

Nov. 17, 1964.

Jenkins & Perry, Columbia, S. C., Ernest A. Finney, Jr., Sumter, S. C., and Jack Greenberg, New York City, for plaintiffs.

Nash & Wilson, Sumter, S. C., for defendants.

SIMONS, District Judge.

This is a class action under the provisions of Rule 23 (a) (3) of the Federal Rules of Civil Procedure, plaintiffs alleging that they are negro citizens and residents of the City and County of Sumter, S. C., and of the United States, who have been denied the use of public library facilities in the City and County of Sumter, South Carolina because of their race. They set forth in paragraph 1 of

the complaint the jurisdiction of the court and allege that they are denied the equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution, because of Section 42–647 Code of Laws of 1962, said Carnegie Public Library of Sumter, S. C., being maintained by taxes paid by the citizens of Sumter.

There is no question but that the facts alleged in the complaint set forth a cause of action on which the plaintiffs are entitled to relief under the decisions of the United States Supreme Court.

The defendants have answered, admitting that this court has jurisdiction, alleging in substance that the plaintiffs, since the commencement of this action, have been admitted to full membership in the Carnegie Public Library, and further alleging that the questions raised in the complaint are moot and that the defendant trustees of said library have in good faith permitted plaintiffs as well as any other persons of color to full membership in said library, and will continue to do so, applying only its reasonable rules and regulations equally to all applicants for membership in said library.

Subsequently the defendants filed with this court a motion to dismiss this action on the ground that the issues raised by the complaint are now moot, since the defendants have in good faith fully complied with all the demands set forth in the complaint. Affidavits have been filed from Raymond Schwartz, Esquire and R. O. Purdy, Esquire, both of whom are members of the Bar of South Carolina and of high standing, and both of whom are defendants herein, setting out that since the commencement of this action the Board of Trustees of said library have met, and after consideration and advice of counsel, have passed a resolution in good faith, opening the said Carnegie Public Library to citizens of Sumter of all races who are qualified for membership therein, without regard to race or color, and that the said Board of Trustees will in good faith, hereafter grant membership to persons of all races and color under the same rules and regulations. These affidavits were filed in June of 1963, about a year and a half ago. Defendants have, in good faith, fully complied with the requirements of the decisions of the Supreme Court of the United States.

I find and hold that Section 42–647 Code of Laws of South Carolina for 1962, is void and non enforceable, and

It is so ordered.

The Court is convinced that the relief sought in the complaint is not necessary under the circumstances in this case, since it appears that there will be no future violations by the defendants of the rights of the plaintiffs and others in like situation.

In the case of International Register Company v. Recording Fare Register Company, 2 Cir., 151 F. 199 at page 202 the Court says: "The mere fact of the issuance of any sort of an injunction stigmatizes the defendants as having done or threatened to do some illegal or inequitable act of such a nature as to justify such extraordinary relief."

In the case of Walling v. Clinchfield Coal Corp., 159 F.2d 395, at page 399 [CCA4th Cir.] the court, speaking through Judge Dobie, reaffirms the general rule found in cases with reference to injunctive relief, and in so doing used the following language:

"There can be no question but that the usual equity rules applicable to injunctions are to be regarded in considering an application for that remedy under the Act. Flemming [Fleming] v. Phipps, D.C., 35 F. Supp. 627. For, as was said in Walling v. Associated Truck Lines, D.C., 57 F.Supp. 943, 945: 'The rule is well settled that the extraordinary writ of injunction will not issue for the purpose of punishing past offenses, but will issue only in those cases where the court is convinced that such relief is necessary to prevent future violations.'"

I find and hold that there is no necessity for injunctive relief to prevent fu-

ture violations of the rights of plaintiffs and others in like situation.

It is therefore ordered that the complaint be dismissed with costs against defendants.