C. H. THOMAS, Jr., Julie Wright, Elease Thomas, Gloria B. Rackley, and Theodore Adams, Plaintiffs,

v.

ORANGEBURG THEATERS, INCORPORATED, a Corporation, Defendant.

Civ. A. No. 8421.

United States District Court
E. D. South Carolina,
Orangeburg Division.

May 5, 1965.

**318**

Matthew J. Perry, Lincoln C. Jenkins, Jr., Columbia, S. C., Earl W. Coblyn, Zack E. Townsend, Orangeburg, S. C., Jack Greenberg, Michael Meltsner, New York City, for plaintiffs.

Henry R. Sims, II, Sims & Sims, Orangeburg, S. C., for defendant.

SIMONS, District Judge.

This class action was commenced by plaintiffs in their own behalf and on behalf of others similarly situated, in accordance with Rule 23[a] [3] of the Federal Rules of Civil Procedure. Jurisdiction of this court is invoked pursuant to Title 28 U.S.C. § 1343[3] and [4], to secure for plaintiff, and all others similarly situated, the protection of their civil rights and to redress deprivation of rights, privileges, and immunities secured by: [a] the Fourteenth Amendment to the Constitution of the United States: [b] Article 1, Section 8, Clause 3, constituting the commerce clause of the United States Constitution; [c] Title 42 U.S.C. § 2000a, commonly known as the "Civil Rights Act of 1964"; and [d] 42 U.S.C. § 1981, providing for the equal rights of citizens and all persons within the jurisdiction of the United States.

In their complaint plaintiffs allege that they are Negro citizens of the United States and of the state of South Carolina, residing in the City of Orangeburg; that on or about July 21, 1964, they sought and were denied admission to both the Edisto and Carolina Theaters, operated by defendant in the City of Orangeburg, when they attempted to purchase tickets for admission into the ground floor area of said theaters customarily reserved by defendant for the seating of its white patrons only, being told on said occasion by defendant's ticket agents that they were not permitted to sell tickets to plaintiffs because they were Negroes. They further allege that the racially discriminatory practices of defendant are in continuance of its long established and maintained policy in the operation of its said theaters; that plaintiffs have no plain, adequate, complete remedy at law to resist these wrongs, and that they are now suffering, and will continue to suffer, irreparable injury from defendant's said policies, practices, customs, and usages. The prayer of the complaint asks the court to issue temporary and permanent injunctions, enjoining defendant and its employees from continuing or maintaining its policy or practice of segregating the races in connection with the admission, use, and enjoyment of its theater operations.

In its answer filed with the court on August 19, 1964, by way of a first defense, the defendant admits the jurisdiction of this court, and that it is the owner of the Edisto and Carolina Theaters, then generally denies the remaining allegations of plaintiff's complaint. For a second defense, defendant alleges that it has no policy of discrimination against any person, race, or creed; that members of the Negro race have been admitted to all areas in each of its theaters, and are using, and will continue to be able to use, all of the facilities provided for patrons of its said theaters.

In answer to interrogatories propounded on behalf of plaintiffs, defendant admits that plaintiffs attempted to purchase tickets for entry into the white section of its two theaters on July 21, 1964, and were denied the right to pur-

chase the same. In further answer to the question as to whether or not the ticket agents were instructed not to sell tickets to persons of the Negro race on and prior to July 21, 1964, the defendant answered: "There was a policy that persons of the Negro race would not be sold tickets to the downstairs area of the theaters long before the present owners owned the theaters. This policy was continued until the ticket agents were instructed, during the month of August 1964, to sell tickets and make available all facilities of the theaters to any and all races, and particularly to the Negro race."[1] In answer to a further interrogatory, defendant asserted that in August, 1964, it ceased requiring persons of the Negro and white races to be racially segregated in its two theaters.[2]

This action was set for trial on the non-jury calendar for disposition during the term commencing April 12, 1965. A pretrial conference was held by the court with counsel for both parties being present. During the conference counsel for defendant moved to dismiss action, upon the ground that the issues raised by the complaint are moot and unnecessary, inasmuch as defendant has long since, in good faith, fully complied with all of the demands set forth in the complaint. In support of motion, counsel informed the court that the directors of defendant had duly adopted a resolution at its meeting on August 31, 1964, directing that in the future all persons should be admitted to all its theater facilities being operated for the benefit of the general public, and that no restrictions would be enforced thereafter on the purchase of tickets to any of its said facilities by any member of the general public because of race, and specifically that Negroes be forthwith allowed to purchase tickets for any areas of its theaters.[3] Counsel further advised that T. Ray Linn, Manager

of defendant's theaters, had been furnished with a copy of said resolution and had been instructed by its president to admit any person to all areas of its theaters without regard to race or color.[4] Counsel for defendant further advised that the foregoing action on the part of the defendant was taken very soon after the filing of this suit by the plaintiffs,[5] based upon their advice and recommendation that its former practices of segregating the races in its theaters was unlawful and deprived plaintiffs and others similarly situated of their constitutional rights. Counsel further asserted that to their knowledge there had been no discrimination because of race or color in the theater facilities of the defendant since August 1964, and that such practice of non-discrimination would continue in the future.

Although plaintiffs' counsel opposed defendant's motion to dismiss the complaint, they frankly admitted that they were satisfied that defendant, since August of 1964, had operated its theaters on a non-segregated basis; that Negroes had been freely admitted to all areas of its said theaters without regard to race or color; and that they did not anticipate any further difficulty in this connection.

 Based upon the record before me I find and conclude that defendant, in good faith, is now operating its theaters in accordance with the statute laws of the United States and the applicable decisions of the United States Supreme Court. I am further convinced that the relief sought in plaintiffs' complaint is no longer necessary under the circumstances in this case, inasmuch as it appears that there will be no future violations by defendant of the rights of plaintiffs and others similarly situated. Further, there is no good cause shown why injunctive relief should be granted under

1. See interrogatories #6 and #13 and answers thereto filed September 14, 1964.

2. See interrogatory #19 and answer thereto.

3. A duly certified copy of this resolution was filed with the court on May 3, 1965.

4. See certificate of T. Ray Linn, Manager, dated August 31, 1964, filed May 3, 1965.

5. It is noted that the summons and complaint in this action were filed July 30, 1964.

the circumstances here. The well established rule is that an injunction will not issue for the purpose of punishing past offenses, but will only issue in those cases where the court is convinced that such relief is necessary to prevent future violations of the law. Walling v. Associated Truck Lines, 57 F.Supp. 943 [D.C. Mich.1944]; Walling v. Clinchfield Coal Corporation, 159 F.2d 395 [4th Cir. 1946].

Having concluded that there is no necessity for such injunctive relief to prevent future violations of the law by defendant in this case and that the relief sought by plaintiffs' complaint has been accomplished there is no necessity for proceeding further with this action, it is therefore ordered that plaintiffs' complaint be, and the same hereby is, dismissed.